**In re Paula COCHRAN and Dwane Eric Hotz.**

No. 06–04–00091–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 29, 2004.

Decided Nov. 30, 2004.

---

David Colley, Woodson, Colley & Colley, LLP, Mount Pleasant, for relator.

Duke E. Hooten, TDFPS, Special Litigation Unit, Austin, Lana Shadwick, TDFPS, Office of General Counsel, Houston, for real party in interest Department of Family and Protective Services.

John M. Cobern, Mount Pleasant, for real party in interest H.H.H., a Child.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

In this mandamus action, we must decide whether Paula Cochran and Dwane Eric Hotz are entitled to current possession of H.H.H., their newborn daughter and Cochran's tenth child, pending a final

hearing on termination of their parental rights to H.H.H. Our decision turns on whether the proof of prior, for-cause terminations of Cochran's and Hotz's parental rights to their other children, essentially standing alone, satisfies Section 262.201(b) of the Texas Family Code and thus allows the State, acting through the Texas Department of Family and Protective Services (the Department), to withhold current possession of H.H.H. from her parents. *See* TEX. FAM.CODE ANN. § 262.201(b) (Vernon 2002). Though, from their past record as to their other children, Cochran and Hotz may pose a risk to H.H.H., we hold that risk is not a sufficient statutory basis, and the proof in this case does not meet the high statutory requirements, to allow the Department to deny Cochran and Hotz present possession of H.H.H. We conditionally grant the writ of mandamus.

*Historical Perspective*

To understand the present situation, we must review Cochran's and Hotz's history with the Department. In 2002, Cochran's rights to her first eight children were terminated when the trial court concluded (1) that she had (a) placed or knowingly allowed her children to be placed or remain in conditions or surroundings which endangered the physical or emotional well-being of the children, and (b) engaged in conduct, or knowingly placed children with a person or persons who engaged in conduct, which endangered the physical or emotional well-being of the children, and (2) that termination was in the children's best interests. *See* TEX. FAM.CODE ANN. § 161.001(1)(D), (E) (Vernon 2002). With respect to two of the eight children who were the subjects of the 2002 terminations, Hotz was the biological father; his parental rights were also terminated.

In 2003, Cochran's and Hotz's parental rights to Cochran's ninth child, born after the previous terminations, were terminated when the trial court found by clear and convincing evidence that, among other things, the parents "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child."

H.H.H., the child in question here, was born June 6, 2004, at home, her delivery attended by a midwife. On June 11, acting on a hotline tip, Bob Alexander, a Department caseworker, visited the family and found H.H.H. in relatively good health, having only a mild skin rash. But, because of the parents' history, the Department removed H.H.H. from the home that day. On June 14, the Department filed a petition to terminate the parental rights of Cochran and Hotz.

On June 23, 2004, as mandated by the Texas Family Code, the trial court held a "14–day hearing" during which Alexander testified regarding his observations made at the home. He noted his concern that H.H.H. had not been to the doctor yet, but admitted she appeared to be in generally good health. There were no signs that H.H.H. had been physically or sexually abused or that she had been neglected. On direct examination, Alexander conceded that "risk," based on the prior terminations, had "a large bearing" on the departmental decision to seek termination of Cochran's and Hotz's parental rights. At the end of this hearing, the trial court expressed its concerns regarding the gravity of this case and facilitated the bringing of Relators' petition in order to clarify this issue. It then entered the temporary order forming the basis of this petition, denying Cochran and Hotz possession of H.H.H. The trial court also entered the

following written findings: [1]

Having examined and reviewed the evidence, including the sworn affidavit accompanying the petition and based upon the facts contained therein, the Court finds there is sufficient evidence to satisfy a person of ordinary prudence and caution that: (1) there was a danger to the physical health or safety of the child which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child; based only on the past conduct of Paula Cochran and Dwane Eric Hotz as shown by the Judgment in Cause 30,014 in the District Court of Titus County, Texas on March 13, 2003 ... and the Judgment in Cause FM 005744 in the 353rd Judicial District Court in Travis County, Texas and; (2) the factual urgency for protection requiring the immediate removal of the child is inferred from Exhibits A and B of this order and; (3) that under the circumstances the Texas Department of Family is not required to attempt reunification and that there is a substantial risk of continuing danger if the child is returned home....

The Court finds with respect to the child ... that reasonable efforts consistent with the child's health and safety are not required to be made by the Department to prevent or eliminate the need for removal of the child from the home and to make it possible for the child to return home, and that continuation in the home would be contrary to the welfare of the child.

*Mandamus Conditionally Lies Because of Lack of Proof of Any Act or Failure to Act by Cochran or Hotz that Endangered H.H.H.*

■ Mandamus is "an extraordinary remedy, available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding). A writ of mandamus will issue "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding). The appellate court must determine whether there has been a clear abuse of discretion that justifies mandamus relief. *Id.*

■ Mandamus is available only in the absence of a factual dispute of consequence. *Walker*, 827 S.W.2d at 839–40. The trial court does not abuse its discretion when its judgment is based on conflicting evidence and some of this evidence reasonably supports the court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex.2002). If a relator seeks to overrule a court's decision based on factual issues or matters committed to the trial court's discretion, he or she has the burden to show that the trial court could have reached only one decision on the facts. *Walker*, 827 S.W.2d at 839–40.

We first turn to the governing statute to determine what must be proven to deny a parent possession of his or her child.[2]

1. We note the recent opinion of the Texas Supreme Court delineating two types of findings contemplated by the Texas Family Code, (1) findings to be made before taking a certain action but which need not be in writing and (2) findings that must be made in writing pursuant to a provision in the Texas Family Code. *See In re J.P.*, 136 S.W.3d 629, 631 (Tex.2004). Here, it appears the findings under Section 262.201 fall into the first category. Although not expressly required by statute, these findings may be written, as they are here.

2. We emphasize that we address only the right to present possession of the child as governed by Section 262.201 of the Texas Family Code and that, in contrast, Section

Section 262.201 of the Texas Family Code provides for a "14–day hearing" at the end of which the trial court must order the return of a child to its parents, absent certain findings:

> (b) At the conclusion of the full adversary hearing, the court shall order the return of the child to the parent, managing conservator, possessory conservator, guardian, caretaker, or custodian entitled to possession unless the court finds sufficient evidence to satisfy a person of ordinary prudence and caution that:
>
> > (1) there was a danger to the physical health or safety of the child which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child;
> >
> > (2) the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and for the safety of the child, were made to eliminate or prevent the child's removal; and
> >
> > (3) reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home.

TEX. FAM.CODE ANN. § 262.201(b). We will address those subsections in reverse order.

■ The trial court is given some discretion over the findings specified by Section 262.201(b)(3): "The court may waive . . . the requirement to make reasonable efforts to return the child to a parent . . . if the court finds that the parent has subjected the child to aggravated circumstances." TEX. FAM.CODE ANN. § 262.2015(a) (Vernon 2002). Section 262.2015 goes on to authorize the trial court to find that a parent has subjected the child to aggravated circumstances if "the parent's parental rights with regard to another child have been involuntarily terminated based on a finding that the parent's conduct violated Section 161.001(1)(D) or (E). . . ." TEX. FAM.CODE ANN. § 262.2015(b)(5) (Vernon 2002). Those conditions were met here. Since both prior terminations were based on findings that the parents either "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child" or "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child," both terminations qualify as "aggravated circumstances." *See* TEX. FAM.CODE ANN. § 262.2015(b); *see also* TEX. FAM.CODE ANN. § 161.001(1)(D), (E). The trial court was well within its discretion in finding that there was no need for the Department to make reasonable efforts to return the child. Therefore, we will not issue a writ of mandamus based on the trial court's finding under Section 262.201(b)(3).

■ Subsection (2) arguably allows the trial court to exercise its discretion in finding what efforts were reasonable in any given case by requiring it to find that "reasonable efforts, *consistent with the circumstances* and for the safety of the child, were made to eliminate or prevent the child's removal." TEX. FAM.CODE ANN. § 262.201(b)(2) (emphasis added). The plain language of this provision allows some flexibility in the trial court's determination of what efforts, if any, were reason-

---

161.001(1)(M) provides that a parent's right to his or her child may be terminated on the basis that the parent's parental rights were previously terminated as to another child un-

der Section 161.001(1)(D) or (E), so long as the current termination is also shown to be in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(1)(M), (2) (Vernon 2002).

able in the given circumstances. Therefore, we also decline to issue à writ of mandamus with respect to the trial court's finding under Section 262.201(b)(2) of the Texas Family Code.

■ We therefore turn to the trial court's finding that there was a danger to the physical health or safety of the child caused by an act or failure to act by the parents under Section 262.201(b)(1). The record before us does not support that finding.

H.H.H. was born June 6, 2004. The two pre-existing orders of termination were entered September 6, 2002, and March 13, 2003, respectively. Thus, the conditions, acts, or omissions forming the bases of those terminations occurred at least fourteen months [3] before H.H.H. was born and, obviously, could not have posed a danger to her. In the absence of any *current* conditions or actions that would constitute a danger to H.H.H.'s health or safety, the trial court could not have reasonably based its findings on the prior terminations alone. We conclude that the trial court could not have found that the parents' prior terminations were acts or omissions under Section 262.201(b)(1) of the Texas Family Code which posed a danger to H.H.H. when the conduct resulting in the prior terminations was committed before her conception.

■ When conducting an abuse of discretion review, we examine the entire record. *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex.1996); *Land v. AT & S Transp., Inc.*, 947 S.W.2d 665, 667 (Tex.App.-Austin 1997, no writ). So, while the trial court's written order is unclear in that it states that it "examined and reviewed the evidence, including the sworn affidavit accompanying the petition," but also states that subsequent findings were based only on evidence of prior terminations, we are to examine all the evidence in the record before us to determine whether the trial court abused its discretion. Other evidence in the record, like the evidence of prior terminations, simply does not illustrate that an act or failure on the part of the parents posed a danger to H.H.H.'s physical health or safety.

In fact, the evidence before us indicates that, aside from a skin rash and a couple of skin pustules, H.H.H. was in good health. Alexander testified the doctor's visit did not yield any major health concerns. Additionally, we are not prepared to say that evidence Cochran gave birth at home with the aid of a midwife constituted an act or failure to act which posed a danger to H.H.H.'s physical health or safety. While there is arguably some concern that H.H.H. had not been to a doctor since her birth five days earlier, we know from Alexander's testimony regarding H.H.H.'s health and the results of her subsequent doctor's visit that this omission had not posed any known danger to H.H.H. Additionally, Alexander testified that Cochran had indicated that H.H.H. had a doctor's appointment on the Monday following the Friday on which the Department removed her.

Relators have shown that, on this evidence, the trial court could have come to only one reasonable conclusion, that the Department failed to show that an act or

---

**3.** We note that we are measuring from the dates of the orders of termination. Although we do not know from the record when the ninth child was removed from the home, it is safe to assume that it was significantly longer ago than the orders were entered. That being so, fourteen months is the very minimum of time that could have passed between the acts or omissions for which parental rights were terminated in those proceedings and the birth of H.H.H.

failure to act by Cochran or Hotz posed a danger to the physical health or safety under Section 262.201(b)(1) and that present possession of H.H.H. should have been returned to her parents as required under Section 262.201(a). Accordingly, we conditionally grant Cochran and Hotz's petition for writ of mandamus and direct Respondent, the Honorable William C. Martin, III, to vacate his Temporary Order Following Adversary Hearing signed June 23, 2004, and order the return of the present possession of H.H.H. to her parents. The writ will issue only if Respondent fails to comply within ten days of this order.