**Order issued January 31, 2013**



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-12-00852-CV

---

IN THE INTEREST OF S.B.G., a Child

---

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-04793J**

---

## ABATEMENT ORDER

Appellant, W.G., challenges the trial court's order terminating his parental rights to his minor child, S.B.G. W.G.'s court-appointed counsel on appeal, who also represented W.G. in the trial below, has filed a motion to withdraw from representing W.G. and an *Anders* brief in which he opines that no valid grounds for

appeal exist and that W.G.'s appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). W.G. has not filed a response. The State waived its opportunity to file an appellee's brief.

When this Court receives an *Anders* brief from an appellant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (same); *Martin v. Dep't of Family & Protective Servs.*, No. 01-07-00842-CV, 2009 WL 276759, at *1 (Tex. App.—Houston [1st Dist.] Feb. 5, 2009, pet. denied) (stating that reviewing court must conduct independent review of entire record to determine whether arguable grounds for appeal exist). An arguable ground for appeal is a ground that is not frivolous; it must be an argument that could "conceivably persuade the court." *See In re Schulman*, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (quoting *McCoy v. Court of Appeals of Wisc., Dist. I*, 486 U.S. 429, 436, 108 S. Ct. 1895, 1901 (1988)). However, "[w]hen we identify issues that counsel on appeal should have addressed but did not, we need

not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, no pet.) (citing *Wilson v. State*, 976 S.W.2d 254, 257 n.4 (Tex. App.—Waco 1998, no pet.)).

Our role in this *Anders* appeal is limited to determining whether arguable grounds for appeal exist. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). If we determine that arguable grounds for appeal exist, we must abate the appeal and remand the case, and W.G. is entitled to have new counsel address the merits of the issues raised. *Id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

In accordance with *Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400, and *Bledsoe*, 178 S.W.3d at 826–27, we have reviewed the record and appointed counsel's *Anders* brief. The record on appeal suggests that there are at least two arguable grounds for appeal: (1) whether the evidence is legally sufficient to support the trial court's termination order; and (2) whether the evidence is factually sufficient to support the trial court's termination order. *See* TEX. FAM. CODE ANN. § 161.001(1), (2) (West Supp. 2012); *In re J.O.A.*, 283 S.W.3d 336, 344–45 (Tex. 2009); *Ruiz v. Tex. Dep't of Family & Protective Servs.*, 212 S.W.3d 804, 813–14 (Tex. App.—Houston [1st Dist.] 2006, no pet.). We note also that although the

reporter's record contains photocopies of two compact discs, marked as petitioner's exhibits 1 and 2, containing medical records pertaining to S.B.G. and S.B.G.'s mother, the actual contents of the discs are not contained within the appellate record, and that the medical records may provide a record that might assist an appointed counsel in determining whether there are any arguable grounds to present on appeal.

Accordingly, we order that the court reporter file a supplemental reporter's record containing the original discs in this Court within 10 days of the date of this order. *See* TEX. R. APP. P. 34.6(d), (g)(2). The Clerk of this Court is directed to cooperate with the district clerk and/or court reporter to provide for the safekeeping, transportation, and return of such exhibits. *See* TEX. R. APP. P. 34.6(g)(2). We also abate this appeal and remand the cause for the trial court to appoint new appellate counsel to represent W.G. Counsel's brief will be due 20 days from the later of the date the supplemental reporter's record is filed or the date counsel is appointed, regardless of whether this Court has yet reinstated the appeal, and counsel is required to:

(1) Fully investigate and make a conscientious examination of the record;

(2) Address all arguable, non-frivolous grounds for appeal in a brief on the merits;

- 4 -

(3) Specifically address the issues of whether the Department of Family and Protective Services introduced sufficient evidence to prove, by clear and convincing evidence, that W.G. committed one or more of the acts listed in subsections (E), (O), and (P) of section 161.001(1) of the Texas Family Code and that termination was in S.B.G.'s best interest,[1] with particular reference to whether there was clear and convincing evidence to show that W.G. engaged in conduct that endangered S.B.G's physical or emotional well-being,[2] or that S.B.G. was in DFPS's control as a result of abuse or neglect of S.B.G.[3] and that there was a court order

---

[1] *See* TEX. FAM. CODE ANN. § 161.001(1), (2) (West Supp. 2012); *Ruiz v. Tex. Dep't of Family & Protective Servs.*, 212 S.W.3d 804, 813–14 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (stating that appellate court may only affirm trial court's termination order on basis of subsection of section 161.001 found by trial court to have been violated).

[2] TEX. FAM. CODE ANN. § 161.001(1)(E); *see In re J.K.F.*, 345 S.W.3d 706, 711 (Tex. App.—Dallas 2011, no pet.) (holding that relevant time frame for determining whether there is clear and convincing evidence of endangerment to child is before child was removed); *In re A.S.*, 261 S.W.3d 76, 84–86, 88 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (holding that conduct entirely occurring prior to child's birth does not establish endangerment; that imprisonment of parent, standing alone, does not constitute endangerment; and that incarceration on indictment and awaiting trial, by itself, does not support termination under section 161.001(1)(E)).

[3] TEX. FAM. CODE ANN. § 161.001(1)(O); *see In re K.N.D.*, No. 01-12-00584-CV, — S.W.3d —, 2012 WL 6721047, at *5–6 (Tex. App.—Houston [1st Dist.] Dec. 21, 2012, no pet. h.) (holding that termination requires proof that child was subjected to abuse or neglect and proof that removal occurred because of abuse or

establishing the actions necessary for W.G. to obtain S.B.G.'s return,[4] or that W.G. used a controlled substance in a manner that endangered S.B.G.'s health or safety[5]; and

(4) Address any other grounds counsel deems appropriate.

*See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005) ("The court's duty is to determine whether there are any arguable grounds and if there are, to

---

neglect, and holding that evidence of endangerment is not sufficient for removal under section 161.001(1)(O)); *In re C.B.*, 376 S.W.3d 244, 250–52 (Tex. App.—Amarillo 2012, no pet.) (applying chapter 261's definitions of abuse and neglect and holding that evidence of volatile home environment was insufficient to support termination pursuant to section 161.001(1)(O) without showing of actual occurrence of abuse or neglect); *In re A.A.A.*, 265 S.W.3d 507, 515 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (holding that termination requires proof by clear and convincing evidence that child was removed because of abuse or neglect).

4     TEX. FAM. CODE ANN. § 161.001(1)(O); *see* TEX. FAM. CODE ANN. § 263.106 (West Supp. 2012) (requiring trial court to incorporate service plan into orders of court); *In re S.A.P.*, 169 S.W.3d 685, 705–06 (Tex. App.—Waco 2005, no pet.) (finding insufficient evidence to support termination pursuant to section 161.001(1)(O) when no court order establishing actions necessary for child's return was in evidence and only service plan in evidence failed to indicate that it was court-ordered).

5     TEX. FAM. CODE ANN. § 161.001(1)(P) (West Supp. 2012); *cf. In re J.K.F.*, 345 S.W.3d 706, 711 (Tex. App.—Dallas 2011, no pet.) (holding that relevant time frame for determining whether there is clear and convincing evidence of endangerment to child is before child was removed); *In re Cochran*, 151 S.W.3d 275, 280 (Tex. App.—Texarkana 2004) (holding that conduct occurring prior to conception could not, without showing of current conditions or actions that would constitute danger to child's health or safety, support finding that parent committed acts or omissions that posed danger to child).

remand to the trial court so that new counsel may be appointed to brief the issues."); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) ("If grounds are deemed arguable, the Court of Appeals then must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal.").

An appeal from a judgment terminating parental rights is an accelerated appeal, which this Court should dispose of "within 180 days of the date the notice of appeal is filed." TEX. R. JUD. ADMIN. 6.2; *see* TEX. FAM. CODE ANN. §§ 109.002(a), 263.405(a) (West Supp. 2012). Accordingly, **no extensions of time will be granted absent extraordinary circumstances**. *See* TEX. R. APP. P. 38.6(d) (providing that decision on motions to extend time to file briefs is discretionary and allowing court to shorten time for filing briefs). Counsel who agrees to handle this appeal should do so only if he or she can satisfy the deadlines set herein. Counsel for the Department of Family and Protective Services is also advised that he or she **should not seek an extension absent good cause**, and any extension will be very short.

We further order that a supplemental clerk's record be filed with this court containing the name, address, and state bar number of the new counsel appointed. We grant W.G's appointed counsel's motion to withdraw.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the appellant's brief is filed in this Court.

It is so **ordered**.


Judge's signature: /s/ Harvey Brown
               ☑ Acting individually     ☐ Acting for the Court

Panel consists of Chief Justice Radack and Justices Higley and Brown.


Date: January 31, 2013