**Opinion issued August 4, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-16-00229-CV

### NO. 01-16-00230-CV

_____

### IN RE B.M., Relator

_____

**Original Proceeding on Petition for Writ of Mandamus**

_____

**DISSENTING OPINION**

[T]he interest of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests recognized . . . .[1]

Relator, B.M., has filed two petitions for a writ of mandamus, seeking to vacate "Temporary Order[s] Following Adversary Hearing" in the underlying trial

---

[1]    *Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 2060 (2000)).

court proceedings.[2]   In two issues, relator contends that respondent[3] erred in not returning relator's three children to their home with her and the statutory standard, i.e., "sufficient evidence to satisfy a person of ordinary prudence and caution,"[4] violates the Fourth and Fourteenth Amendments of the United States Constitution.[5] Relator asks this Court to order respondent to dissolve the February 10, 2016 "Temporary Order Following Adversary Hearing" in each trial court cause number. Because the majority errs in denying relator's petition, I respectfully dissent.

## Background

These mandamus proceedings arise from two trial court proceedings in which real party in interest, the Texas Department of Family and Protective Services ("DFPS"), filed petitions for protection of relator's three children.

Relator and real party in interest, W.F., are the divorced parents of a thirteen-year-old daughter, J.L.F., and an eleven-year-old son, G.W.F.  Under their 2009 divorce decree, relator and W.F. are joint managing conservators of J.L.F. and W.F.,

---

[2]   The proceeding underlying appellate cause no. 01-16-00229-CV is *In the Interest of J.L.F. and G.W.F., Children*, cause number 2008-03683, in the 311th District Court of Harris County, the Honorable Alicia Franklin York presiding.  The proceeding underlying appellate cause no. 01-16-00230-CV is *In the Interest of G.J.H., a Child*, cause number 2015-42486, in the 311th District Court of Harris County, the Honorable Alicia Franklin York presiding.

[3]   The Honorable Alicia Franklin York, Judge, the 311th District Court of Harris County, Texas.

[4]   *See* TEX. FAM. CODE ANN. § 262.201(b) (Vernon Supp. 2015).

[5]   U.S. CONST. amends. IV, XIV, § 1.

2

and relator has the right to designate the children's primary residence. Real party in interest, R.H., is the father of relator's eleven-month-old daughter, G.J.H., and he has the rights of a possessory conservator.[6]

On December 14, 2015, DFPS received a referral for "[p]hysical [a]buse" of G.W.F, alleging that relator "used inappropriate discipline," "hitting" G.W.F. "in the eye," and G.W.F. "was observed with a black and swollen eye which he state[d] he received from his mother."[7] Relator and DFPS agreed that G.W.F. would stay with W.F. while DFPS worked with relator. Three days later, relator "broke [the] agreement" and "retrieved" G.W.F. from W.F. "with the assistance of law enforcement."

After this incident, DFPS, on December 21, 2015, filed motions to modify conservatorship and for termination of relator's parental rights in the underlying cases. And respondent, on the same date, signed orders appointing DFPS as the children's temporary sole managing conservator until a full adversary hearing. Respondent then extended the December 21, 2015 orders and set a hearing for January 6, 2016. Relator answered DFPS's petitions and filed emergency motions

---

[6] As indicated by relator in her petitions, the children were thirteen years old, eleven years old, and eleven-months old when they were removed from their home by DFPS in December 2015.

[7] There is no evidence in the record that relator was charged with, much less convicted of, the criminal offense of injury to a child. *See* TEX. PENAL CODE ANN. § 22.04 (Vernon Supp. 2015).

to dissolve respondent's orders as to her daughters, J.L.F. and G.J.H., and to be reinstated as their managing conservator. W.F. answered DFPS's petitions and filed a counter-petition, requesting appointment as sole managing conservator of J.L.F. and G.W.F. W.F. also requested that respondent deny relator unsupervised access to J.L.F. and G.W.F. And R.H. filed his answer.

The trial court held an adversary hearing over several days. At the end of the hearing, the trial court stated:

> The Court finds there was a danger to the physical health or safety of the children that was caused by an act or failure to act of the person entitled to possession; and for the children to remain in the home is contrary to the welfare of the children; and the urgency for protection required removal of the children; and reasonable efforts consistent with circumstances in providing for the safety of the children remain to eliminate or prevent the removal; and reasonable efforts have been made to be able to return the children home, but there is a substantial risk of continuing danger if the children were returned home.
>
> The Court is issuing a temporary order for the safety and welfare of the children; and that order is in the best interest of the children. The Court is naming [DFPS] as the temporary sole managing conservator of the children.
>
> The proposed placement of the children in the 2008 cause number is approved. The proposed placement in the 2015 cause number with the approved home study is approved, should my ad litem and CPS have an agreement as to placement.

Relator's counsel objected, stating, "We're challenging the sufficient evidence to satisfy a person of ordinary prudence and caution of a continuing danger to the health and safety of the child standard as unconstitutional under the Fourth and Fourteenth

4

Amendments on its face under the due process cause." Respondent answered "Okay."

On February 10, 2016, respondent signed orders appointing DFPS as temporary managing conservator of the children. The record reveals that J.L.F. and G.W.F. were placed with W.F. and, at the time of hearing, G.J.H. was placed in foster care. The record also reveals that a home study was approved for G.J.H.'s placement with her aunt, relator's sister; G.J.H. would be placed with her aunt; and relator wished for that placement if G.J.H. was not returned to relator.

**Standard of Review**

Mandamus is an extraordinary remedy available to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court abuses its discretion if it fails to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). In regard to factual issues, we may not substitute our judgment for that of the trial court. *Id.* at 839. Relator must establish that the trial court could have reached only one conclusion. *Id.* at 840; *see also In re Allen*, 359 S.W.3d 284, 288 (Tex. App.—Texarkana 2012, orig. proceeding) ("Where, as here, a relator seeks to overrule a decision based on factual issues or matters committed to the trial court's discretion, she has the burden to show the trial court could have reached only one decision on the facts."). Further, we cannot reach contested issues of fact in a

mandamus proceeding. *In re Tex. Windstorm Ins. Ass'n*, 417 S.W.3d 119, 130 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (citing *In re Pirelli Tire*, *L.L.C.,* 247 S.W.3d 670, 686 (Tex. 2007); *In re Angelini,* 186 S.W.3d 558, 560 (Tex. 2006)).

When a party challenges the legal sufficiency relative to an adverse finding on which she did not bear the burden of proof, she must show that no evidence supports the finding. *See Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011). We will sustain a legal-sufficiency or "no-evidence" challenge if the record shows one of the following: (1) a complete absence of evidence of a vital fact; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). In conducting a legal-sufficiency review, a "court must consider evidence in the light most favorable to the verdict, and indulge every reasonable inference that would support it." *Id.* at 822. The term "inference" means:

> In the law of evidence, a truth or proposition drawn from another which is supposed or admitted to be true. A process of reasoning by which a fact or proposition sought to be established is deduced as a logical consequence from other facts, or a state of facts, already proved . . . .

*Marshall Field Stores, Inc. v. Gardiner*, 859 S.W.2d 391, 400 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.) (quoting *Inference*, BLACK'S LAW DICTIONARY

6

(5th ed. 1979)). For a factfinder to infer a fact, "it must be able to deduce that fact as a logical consequence from other proven facts." *Id.*

If there is more than a scintilla of evidence to support the challenged finding, we must uphold it. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). "[W]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). However, if the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then factfinders must be allowed to do so. *City of Keller*, 168 S.W.3d at 822; *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "A reviewing court cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls within this zone of reasonable disagreement." *City of Keller*, 168 S.W.3d at 822.

Because temporary orders are not appealable, mandamus is an appropriate remedy when a trial court abuses its discretion in issuing temporary orders in a suit affecting the parent-child relationship. *See In re Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007); *In re McDaniel*, 408 S.W.3d 389, 396 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding).

## No Evidence

In her first issue, relator argues that respondent erred in not returning relator's three children to their home with her at the conclusion of the adversary hearing because DFPS "made no reasonable effort to enable the return" of the children, nor did it "identify any substantial risk of continuing danger if they were allowed to return home." *See* TEX. FAM. CODE ANN. § 262.201(b)(3) (Vernon Supp. 2015). She further asserts that DFPS presented "no evidence of a danger to the physical health or safety" of the children "caused by" her or that having the children remain in her custody "would have been contrary to the[ir] welfare." *See id.* § 262.201(b)(1). Thus, according to relator, respondent could have reached only one decision based on the facts—to return the children to their home with her.

Texas Family Code Chapter 262 governs the procedures and substantive requirements by which DFPS may take possession of a child in order to protect the child's health and safety. *See id.* § 262.001–.353 (Vernon 2014 & Supp. 2015). Under Chapter 262, DFPS may, under certain circumstances, take emergency possession of a child without prior notice and a full hearing. *See id.* §§ 262.101, 262.102.

Here, after DFPS removed the children in the instant case, respondent was required to hold an adversary hearing to determine whether to return the children to relator. *See id.* § 262.201(a). And after such an adversary hearing, respondent was

required to order the children's return to relator pending a full adjudication of parental rights, unless respondent found "sufficient evidence to satisfy a person of ordinary prudence and caution" that:

(1)     there was a danger to the physical health or safety of the child, . . . which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child;

(2)     the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal; and

(3)     reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home.

*Id.* § 262.201(b); *see In re E.C.R.*, 402 S.W.3d 239, 247 (Tex. 2013).

As Texas Supreme Court Justice Eva Guzman has recently noted, emergency orders "authorizing [DFPS] to take possession of . . . children without prior notice or hearing" are "extreme measure[s] that may be taken only when circumstances indicate a danger to the physical health and welfare of the child[ren] and the need for [the children's] protection *is so urgent that immediate removal from the home is necessary*." *In re C.T.*, No. 15-0098, --- S.W.3d ---, 2016 WL 3212494, at *4 (Tex. June 10, 2016) (Guzman, J., dissenting from denial of petition for writ of mandamus) (emphasis added) (internal quotations omitted) (quoting *In re Pate*, 407 S.W.3d 416, 419 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). Notably, "[t]o limit

9

the profound detrimental consequences that can result from unjustified emergency removal, the Legislature [has] mandated that a full adversary hearing be held shortly after an emergency removal, so children who are not endangered can be returned to their loved ones as promptly as possible." *Id.* (emphasis added); *see also In re E.D.L.*, 105 S.W.3d 679, 688 (Tex. App.—Fort Worth 2003, pet. denied) ("[T]he purpose of section 262[.201] is to afford parents the opportunity to challenge [DFPS]'s right to retain any children whom [it] has taken into custody under an ex parte order from the court.").

Continued removal of a child is warranted only if he faces a continuing danger to his physical health or safety. *In re E.C.R.*, 402 S.W.3d at 247 (citing TEX. FAM. CODE ANN. § 262.201(b)–(c)). "Unless evidence demonstrates the existence of each of the requirements of section 262.201(b), the [trial] court is *required* to return the child to the custody of his parents pending litigation." *In re Pate*, 407 S.W.3d at 419 (emphasis added) (citing *In re Steed*, No. 03-08-00235-CV, 2008 WL 2132014, at *1 (Tex. App.—Austin May 22, 2008, orig. proceeding) (mem. op.)); *see* TEX. FAM. CODE ANN. § 262.201(b) (court "shall order the return of the child to the parent"). It is DFPS's burden to prove that "it is entitled to maintain possession of the removed child." *In re C.T.*, 2016 WL 3212494, at *4; *see In re Pate*, 407 S.W.3d at 420; *In re Steed*, 2008 WL 2132014, at *4.

Here, as relator asserts, a thorough review of the record reveals that DFPS failed to present to respondent legally-sufficient evidence to support respondent's decision not to return relator's three children to their home with her. There is no evidence in the record that would support an inference that there is a danger to the physical health or safety of the children caused by an act or failure to act of relator, nor that for the children to remain in their home is contrary to their welfare. *See* TEX. FAM. CODE ANN. § 262.201(b)(1). There is also no evidence that an urgent need for protection required the immediate removal of the children, nor that DFPS made reasonable efforts, consistent with the circumstances and providing for the safety of the children, to eliminate or prevent the children's removal. *See id.* § 262.201(b)(2). And there is no evidence that DFPS made reasonable efforts to enable the children to return home, nor that there is a substantial risk of a continuing danger if the children are returned home. *See id.* § 262.201(b)(3).

Thus, as relator asserts, respondent had no choice but to order the return of the children to their home with relator at the conclusion of the adversary hearing. *See id.* § 262.201(b); *In re Pate*, 407 S.W.3d at 419. Accordingly, I would sustain relator's first issue, conditionally grant her petitions for writ of mandamus, and direct respondent to vacate the "Temporary Order Following Adversary Hearing" in each trial court cause number and order the three children returned home to their mother.

11

*See In re Pate*, 407 S.W.3d at 418–20 (finding mandamus relief appropriate when child not returned at conclusion of adversary hearing).

Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

Jennings, J., dissenting.