

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

———————————————

No. 06-11-00134-CV

———————————————

IN RE:   TONYA ALLEN

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION ON REHEARING

On December 21, 2011, our opinion issued in Tonya Allen's petition for writ of mandamus, in which Allen sought to compel the Honorable Rebecca Simpson, Judge of the County Court at Law Number One of Gregg County, to set aside the order entitled "Temporary Order Following Adversary Hearing." The complained-of order granted temporary managing conservatorship of Allen's child to the Texas Department of Family and Protective Services (the Department). Allen further sought to have us compel Respondent to enter an order directing the return of the child to Allen. Because Allen had failed to provide this Court with any portion of the clerk's record or reporter's record, this Court was prevented from evaluating the merits of Allen's petition. Due to the state of the record, we denied Allen's petition for writ of mandamus.

Allen has filed a motion for rehearing on her petition for writ of mandamus, urging this Court to review the merits of her petition. Unlike previously, Allen has now provided this Court with the clerk's record and the reporter's record of the hearing precipitating the order of which she complains. Accordingly, the Court (now able to evaluate the merits of Allen's petition) grants the motion for rehearing and addresses her claim for relief.

According to Allen's petition, her child was removed from her care and custody by the Department on November 21, 2011. The following day, the Department filed its "Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship," as well as its "Order for Protection of a Child in an Emergency and

2

Notice of Hearing." The order of which Allen complains was entered on December 5, after an adversary hearing. Allen complains the trial court abused its discretion in issuing the temporary order because the evidence is legally and factually insufficient to support the following findings:

> (1) there was a danger to the physical health or safety of the child which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child; (2) the urgent need for protection required the immediate removal of the child and reasonable efforts consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal; and (3) reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home.

Mandamus is an extraordinary remedy and will issue only when the record establishes (1) the absence of a clear and adequate remedy at law, and (2) a clear abuse of discretion or the violation of a duty imposed by law. *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (orig. proceeding); *In re Fulgium*, 150 S.W.3d 252, 254 (Tex. App.—Texarkana 2004, orig. proceeding). "With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Moreover, mandamus is available only in the absence of a factual dispute of consequence. *Id.* at 839–40. When the trial court's judgment is based on conflicting evidence and some of this evidence reasonably supports the court's decision, there is no abuse of discretion. *Butnaru v. Ford Motor Co*., 84 S.W.3d 198, 211 (Tex. 2002). Where, as here, a relator seeks to overrule a decision based on factual issues or matters committed

to the trial court's discretion, she has the burden to show the trial court could have reached only one decision on the facts. *Walker*, 827 S.W.2d at 839–40.

The order about which Allen complains is a temporary order which is captioned "Temporary Order Following Adversary Hearing." Temporary orders in a suit affecting parent-child relationship are not subject to an interlocutory appeal under the Texas Family Code. TEX. FAM. CODE ANN. § 6.507 (West 2006). Accordingly, Allen lacks a clear and adequate remedy at law and has thus satisfied the first requirement for mandamus relief. *See Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding) (per curiam) (mandamus appropriate remedy, since trial court's issuance of temporary orders not subject to interlocutory appeal).

Next, we must determine whether the record establishes a clear abuse of discretion by the trial court. *Cantu*, 878 S.W.2d at 132; *Dancy*, 815 S.W.2d at 549 (mandamus may issue to correct clear abuse of discretion by trial court). Allen claims that the trial court abused its discretion in issuing the temporary order which allowed the Department to keep custody and control of her child and refused to return the child to her possession, because the evidence is both legally and factually insufficient to support the findings upon which the order is based. We agree.

**History**

Linda Womack, an investigator with the Department, testified that she received a report that Allen was unwilling to care for her child, constantly screams at her child, and acts as if she is

going to shake him. Womack visited the place where Allen resided with the child to investigate and found Allen sitting on the porch with her three roommates.[1]

At Womack's request, Allen showed her the bedroom occupied by Allen and her child. The place for the child to sleep is a pack 'n' play bed with a "boppy" (a crescent-shaped pillow made to go around a mother's waist to help with breast feeding) for the child's pillow, with two blankets on either side of the boppy, and a very large coat over the railing. Womack was concerned the child could be smothered with these things in the crib.

There was also a bottle in the baby's bed, containing very thick rice cereal that was grainy and building up on the sides of the bottle. No measurement was used in making the cereal. Womack testified that it is very easy for a child to choke on thick cereal, especially if they are not supervised while drinking.

Womack participated in a conservatorship with Allen in 2009 with an older child, at which time Allen participated in parenting classes. Sleeping arrangements and dangers to children were a part of that instruction. At that time, Womack testified that Allen exhibited a complete lack of understanding and ability to show appropriate parenting skills. Allen's parental rights to her older child were terminated.[2]

---

[1] At the time of the investigation, Allen's child was five months old.

[2] At the adversary hearing, the Department was forthright in clearly stating that its goal in the present case is not re-unification. Rather, the Department's goal is to find the child an unrelated adoptive home. The Department bases its goal on Allen's history and previous termination—the Department does not believe that re-unification would ever be safe or possible for the child with this mother.

Womack was extremely concerned about this case because some of the allegations mirrored those in the prior case involving Allen's older child—including Allen's inability to control her anger and the lack of overall parenting skills. In the prior case, Allen was diagnosed with bipolar disorder, for which she was given medication. In her previous experience in working with Allen, Womack testified that Allen experiences anger management issues when she fails to take her medication. Currently, Allen is not taking any medication for her bipolar disorder. Womack testified this is important because, with Allen's lack of parenting skills, she could respond to the child's cries with anger. In addition, Womack was concerned because at the time of the interview, Allen had an unstable living environment.[3]

Womack is concerned that Allen's anger could get out of control, as previously seen with the older child. This concern, combined with a lack of parenting skills that could endanger the child, caused Womack to believe the child was at risk for immediate danger if left in Allen's care.

**Analysis**

We examine the governing statute to determine what must be proven to deny a parent possession of its child.[4] Section 262.201 of the Texas Family Code provides for a "14-day hearing," at the end of which the trial court must order the return of a child to the parents, absent certain findings:

---

[3]Allen rents a room from a friend and has had several different recent housing arrangements.

[4]We address only the right to present possession of the child as governed by Section 262.201 of the Texas Family Code, and do not address issues involving termination of parental rights.

6

(b)     At the conclusion of the full adversary hearing, the court shall order the return of the child to the parent, managing conservator, possessory conservator, guardian, caretaker, or custodian entitled to possession unless the court finds sufficient evidence to satisfy a person of ordinary prudence and caution that:

(1)     there was a danger to the physical health or safety of the child which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child;

(2)     the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal; and

(3)     reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home.

TEX. FAM. CODE ANN. § 262.201(b) (West Supp. 2011).  We will address the subsections of the

appropriate statute in reverse order.[5]

---

[5]In arriving at its decision to remove Allen's child from the home, the trial court stated in its findings of fact that it "examined and reviewed the evidence, including the sworn affidavit accompanying the petition . . . ."  The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a jury question.  *In re Davis*, 30 S.W.3d 609, 613 (Tex. App.—Texarkana 2000, no pet.).  Our review of the record indicates that the sworn affidavit accompanying the petition was neither introduced as an exhibit at trial, nor was there any indication that the trial court took judicial notice of its content.  No judicial notice could have been taken of its content because the content was not a subject matter for judicial notice.  *See* TEX. R. EVID. 201(b).  Accordingly, it was not evidence at the trial.  *Rouse v. State*, 300 S.W.3d 754, 762 (Tex. Crim. App. 2009); *In re B.R.G.*, 48 S.W.3d 812, 818 (Tex. App.—El Paso 2001, no pet.).  Because the affidavit was not properly before the trial court, it was error to consider the information set forth in the affidavit, much of which was hearsay.  Womack's affidavit largely mirrored her testimony at the hearing, with some exceptions relating to Allen's behavior toward the child and information regarding the prior termination.  While Womack testified tangentially about some of the circumstances regarding the prior termination, she did not provide much detail about it or the circumstances leading to that termination.

7

Subsection (3) affords the trial court discretion to determine what efforts are "reasonable" to enable the child to return home. However, there was no evidence presented at trial that the Department undertook any effort to return the child to his home. This requirement may be waived "if the court finds that the parent has subjected the child to aggravated circumstances." TEX. FAM. CODE ANN. § 262.2015(a) (West Supp. 2011).

A court may find a parent has subjected a child to "aggravated circumstances" if "the parent's parental rights with regard to another child have been involuntarily terminated based on a finding that the parent's conduct violated Section 161.001(1)(D) or (E) or a substantially equivalent provision of another state's law." TEX. FAM. CODE ANN. § 262.2015(b)(5). Subsections D and E of Section 161.001 permit termination when the parent has "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child" or "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." TEX. FAM. CODE ANN. § 161.001(D), (E) (West Supp. 2011).

In this case, there was evidence of a prior termination in July 2010 based on "the well-being of the child" and "the inability of Ms. Allen to understand basic parenting skills and child development . . . ." Because the stated reasons for the prior termination do not fit within subsections (D) and (E) of Section 161.001, there is no proof of "aggravated circumstances" relating to the prior termination. Therefore, although the Department was required to provide

8

evidence that it had made reasonable efforts to enable the child to return home, it failed to do so. Having found a complete absence of proof on this issue, we need not address the remaining two statutory requirements.

We point out, however, that even if reasonable efforts had been made to enable the child to return home, there was no proof that "the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal." The record is devoid of proof that any effort was made to eliminate or prevent the child's removal from the home, and there was likewise no proof that "the urgent need for protection required the immediate removal of the child." TEX. FAM. CODE ANN. § 262.201(b)(2).

Similarly, the evidence regarding danger to the physical health or safety of the child was virtually nonexistent.[6]

The fact that a boppy pillow and two baby blankets were found in the child's bed (with a coat draped over the side) is not compelling evidence of danger to the physical health or safety of the child. Likewise, the fact that the child was given a bottle of rice cereal which was thick and

---

[6]Allen's child was born June 1, 2011. According to Womack, the previous termination order was entered on July 26, 2010. The grounds of termination and the findings of the trial court in the prior termination were not admitted as evidence at the adversary hearing, and are not a part of the mandamus record. Whatever conditions, acts, or omissions Womack described which formed the basis of the 2010 termination occurred almost a year before the child subject to the current proceeding was born. Therefore, the trial court could not have found that Allen's prior termination was an action or omission under Section 262.201(b)(1) of the Texas Family Code which posed a danger to her new baby when the conduct resulting in the prior termination was committed before the birth of this child. *See In re Cochran*, 151 S.W.3d 275, 280 (Tex. App.—Texarkana 2004, orig. proceeding).

9

lumpy and had not been mixed with enough liquid before putting it in the bottle is scant evidence of the type of danger envisioned by the statute.[7]

Womack testified that Allen is not currently taking medication for her bipolar disorder, and she experiences anger management issues when not on her medication. Womack testified this is important because, with Allen's lack of parenting skills, she could respond to the child's cries with anger. Because there is no evidence in the record that Allen's failure to take appropriate medication resulted in a "danger to the physical health or safety of the child," the Department failed to satisfy the first prong of the statute. *See* TEX. FAM. CODE ANN. § 262.201(b)(1).

Viewing the record in its entirety, we conclude the trial court abused its discretion in failing to return the child to his mother.

**Conclusion**

Allen has shown that the trial court could have come to only one reasonable conclusion—that the Department failed to satisfy the requirements of Section 262.201(b) and that possession of the child should have been returned to his mother as required under Section 262.201. Accordingly, we conditionally grant Allen's petition for writ of mandamus and direct Respondent, the Honorable Rebecca Simpson, to vacate the Temporary Order Following Adversary Hearing signed December 5, 2011, and order the return of the present possession of the child to Allen. The writ will issue only if Respondent fails to comply within ten days of the date of this opinion.

---

[7]In our determination of whether the statutory requirements were satisfied, we do not consider the allegations in Womack's affidavit that Allen dropped or "threw" the child into his crib at a distance of six to eight inches or that Allen was observed yelling at the child when the child was crying, stating, "I'm gonna shoot my brains out."

10

Bailey C. Moseley
Justice

Date Submitted:     February 7, 2012
Date Decided:      February 8, 2012