Opinion by Justice Moseley
The Department of Family and Protective Services (the Department) removed four children, TMo, BMo, EMo, and BMy, from the home of Justin and Ashley.[1] Ashley is the mother of all four children, and Justin is the presumed father of BMy. The County Court at Law of Lamar County appointed the Department as the temporary managing conservator of the four children. Justin has petitioned this Court for a writ of mandamus, seeking to have our Court vacate the trial court's temporary orders and compel the trial court to immediately return the children to his custody *332 on the basis that the trial court abused its discretion: (1) by failing to hold an initial hearing; (2) by failing to hold a timely adversary hearing; and (3) by naming the Department as temporary managing conservator of BMy.[2] We will deny relief.
To be entitled to mandamus relief, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana , 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator is obligated to provide this Court with a record sufficient to establish his right to mandamus relief. Walker v. Packer , 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); In re Pilgrim's Pride Corp. , 187 S.W.3d 197, 198-99 (Tex. App.-Texarkana 2006, orig. proceeding) ; see TEX. R. APP. P. 52.3. Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. In re Villarreal , 96 S.W.3d 708, 710 (Tex. App.-Amarillo 2003, orig. proceeding).
I. Initial Hearing and Adversary Hearing
In his first two arguments, Justin contends that the trial court abused its discretion because it failed to hold an initial hearing and a timely adversary hearing.
Chapter 262 of the Texas Family Code sets forth the procedures and substantive requirements by which the Department may take possession of a child when necessary to protect that child's health and safety. Under that chapter, the Department is granted authority in urgent circumstances to remove a child from his or her home without prior notice. See TEX. FAM. CODE ANN. §§ 262.101, 262.104 (West Supp. 2017). This emergency authority is subject to judicial oversight. See TEX. FAM. CODE ANN. §§ 262.102, 262.106 -.107 (West Supp. 2017).
After the Department takes possession of a child without a court order, the Department is required to: "(1) file a suit affecting the parent-child relationship; (2) request the court to appoint an attorney ad litem for the child; and (3) request an initial hearing to be held by no later than the first business day after the date the child is taken into possession." TEX. FAM. CODE ANN. § 262.105(a) (West Supp. 2017). The trial court must then "hold an initial hearing on or before the first business day after the date the child is taken into possession" or "no later than the first business day after the court becomes available, provided that the hearing is held no later than the third business day after the child is taken into possession." TEX. FAM. CODE ANN. § 262.106(a). "If the initial hearing is not held within the time required, the child shall be returned to the parent, ... guardian, caretaker, or custodian who is presently entitled to possession of the child." TEX. FAM. CODE ANN. § 262.106(c). The initial hearing is held so the trial court can review the propriety of the removal and issue a temporary order. See TEX. FAM. CODE ANN. §§ 262.106(a), 262.107.
A full adversary hearing must be "held not later than the 14th day after the date the child was taken into possession" by the Department. TEX. FAM. CODE ANN. § 262.201(a). The full adversary hearing serves the same purpose as the initial *333 hearing, because in order to retain temporary possession and custody of the children, the Department must prove that "there is a continuing danger to the physical health or safety of the child[ren]" and that remaining in the home is contrary to the welfare of the children. TEX. FAM. CODE ANN. § 262.201(h) (West Supp. 2017). However, the adversary hearing affords the parents the opportunity to present evidence on their own behalf, hear and challenge the Department's evidence, and challenge the Department's right to retain the children it previously took into custody under an ex parte order. In re E.D.L. , 105 S.W.3d 679, 688 (Tex. App.-Forth Worth 2003, pet. denied).
The scheduling requirements of Sections 262.106 and 262.201 are procedural, not jurisdictional. See In re E.D.L. , 105 S.W.3d 679, 684 (Tex. App.-Fort Worth 2003, pet. denied). If the hearing is not held within the time frame required by statute, the remedy is to compel the trial court by mandamus to promptly conduct the hearing. See In re J.M.C. , 109 S.W.3d 591, 595 (Tex. App.-Fort Worth 2003, no pet.) (per curiam).
Here, the Department took possession of the children January 29, 2018. The trial court's initial temporary order of protection states that the petition was presented to the court on the same day,[3] the "Department appeared through TIFFNAY MASSEY, caseworker, and by attorney MALCOLM U. MCCLINCHIE, III," and after having "examined and reviewed" the Department's affidavit, the order was executed and filed on January 31. The order set a full adversary hearing for February 7, 2018, but pursuant to an ex parte motion filed by the Department on February 1, the temporary order was extended and the adversary hearing was changed to February 21, 2018. On February 5, 2018, Justin was given notice of the order and the setting of the adversary hearing. On February 21, 2018, the day of the adversary hearing, Justin moved to dismiss the Department's petition and return the children due to the lack of an initial hearing and the lack of a timely adversary hearing. After the trial court denied his motion, the hearing proceeded with all parties present and represented by counsel, evidence and testimony were heard, and the trial court ruled against Justin and the children's mother, awarding temporary managing conservatorship of the children to the Department.[4] Justin filed this petition for writ of mandamus on March 14, 2018.
Despite having had weeks of notice regarding the possible issues rising at the initial hearing and the date set for the adversary hearing, Justin failed to seek mandamus relief until March 14, 2018, three weeks after he lost at the adversary hearing and six weeks after the children's removal. The sole mandamus relief we can grant under these circumstances is to order the trial court to promptly hold the required hearing. However, by the time Justin sought mandamus relief, the adversary hearing had already occurred. See J.M.C. , 109 S.W.3d at 595. Because the purposes of the initial hearing were satisfied by the full adversary hearing and Justin failed to seek relief in the interim, Justin's petition on these grounds is moot. See TEX. FAM CODE ANN. §§ 262.106(a), *334 262.107, 262.201(h) ; see also E.D.L. , 105 S.W.3d at 688.
II. Temporary Conservatorship of BMy
In his final argument, Justin contends that at the conclusion of the adversary hearing, the trial court committed a clear abuse of discretion by granting the Department temporary managing conservatorship over BMy because there was "no evidence regarding danger or harm" to her.[5]
At the conclusion of the adversary hearing, the trial court must return the children to the parents, conservators, caretakers, or custodians entitled to possession
unless the court finds sufficient evidence to satisfy a person of ordinary prudence and caution that:
(1) there was a danger to the physical health or safety of the child, including a danger that the child would be a victim of trafficking under Section 20A.02 or 20A.03, Penal Code, which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child;
(2) the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal; and
(3) reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home.
TEX. FAM. CODE ANN. § 262.201(g) (West Supp. 2017). A trial court's decision to allow the Department to maintain custody of a child following an adversary hearing is reviewable through a petition for a writ of mandamus. See In re Tex. Dep't of Family & Protective Servs. , 255 S.W.3d 613, 614 (Tex. 2008) ; see also In re Allen , 359 S.W.3d 284, 288 (Tex. App.-Texarkana 2012, orig. proceeding). A relator seeking mandamus relief from a temporary order in a suit affecting the parent-child relationship is entitled to such relief if he establishes that the trial court abused its discretion in signing the temporary orders. An abuse of discretion occurs when the trial court's decision is so arbitrary and capricious that it amounts to clear error. Walker , 827 S.W.2d at 839. Because a trial court has no discretion in determining the law or in applying the law to the facts of the case, the failure to analyze or apply the law correctly constitutes an abuse of discretion. In re Tex. Dep't of Family & Protective Servs. , 210 S.W.3d 609, 612 (Tex. 2006) (orig. proceeding); In re Thompson , 330 S.W.3d 411, 417 (Tex. App.-Austin 2010, orig. proceeding).
Tiffnay Massey, the Department's caseworker in this matter, testified that she received a referral regarding possible abuse of eight-year-old TMo. He had bruising on his arms and back, and after initially refusing to tell her what happened, the child said Justin had spanked him over the weekend for getting in trouble at a friend's house. TMo told her that Justin used a belt and spanked him as well as his seven-year-old brother, BMo, and his five-year-old sister, EMo. BMo told Massey that Justin would "pop them in the face." When Massey examined BMo, he had lash *335 marks and linear bruises on his back, side, and buttocks and a mark on his arm. TMo, BMo, and EMo all exhibited unusual bruising. Photographs of the marks on the three children were admitted into evidence. Ashley initially denied any knowledge of the spanking, but later admitted that she was aware of it. Massey believed the children were subjected to physical abuse, as she characterized the marks as being caused by "significant" injuries that went "[w]ay beyond normal discipline." Massey testified that Justin was a convicted sex offender who served four years in prison for sexual assault of a child under twelve years old and that he had an extensive criminal history (including assault with bodily injury, family violence assault, resisting arrest, interference with 9-1-1, and harassment). She believed that the children would be in danger of further abuse if they were returned to Ashley and Justin. Based on the testimony and the evidence, the trial court named the Department as temporary managing conservator of the children, having found
that as to each child there was a danger to their physical health and safety that was caused by acts or failure to act of the person entitled to possession. It would be contrary to each of these child's welfare for them to remain in the house. I find there was an urgent need for their protection that required immediate removal, and despite efforts to eliminate this need for removal that there would be a substantial risk and continuing danger to the child in the home.
In his petition for mandamus, Justin contends that there was no evidence of any danger to BMy. While there was no direct testimony or evidence that Justin had abused BMy, under Section 262.201(i) :
(a) In determining whether there is a continuing danger to the physical health or safety of the child under Subsection (g), the court may consider whether the household to which the child would be returned includes a person who:
(1) has abused or neglected another child in a manner that caused serious injury to or the death of the other child; or
(2) has sexually abused another child.
TEX. FAM. CODE ANN. § 262.201(i) (West Supp. 2017). Here, the trial court could have reasonably determined being in Justin's care was a continuing danger to BMy's physical health and safety because there was evidence that Justin had physically abused the other three children and that he had sexually assaulted another child in the past. See id. The record before us fails to establish that the trial court committed a clear abuse of discretion. Therefore, Justin has failed to prove he is entitled to the relief requested.
We deny his petition.

In order to protect the children's privacy, we refer to the children by initials, to the mother as Ashley, and to the presumed father of BMy and relator as Justin. See Tex. R. App. P. 9.8.

This Court requested a response to Justin's petition, but the real party in interest failed to timely file one.

The date listed on the petition, January 29, 2018, appears to be a typographical error as Massey testified that the petition was filed on January 30, and the Department's supporting affidavit was not executed until January 30.

The trial court found that the children had an urgent need for protection that required their immediate removal from the home of Justin and their mother and that if they were returned home, there was a substantial risk of their being in continuing danger.

Justin argues that the trial court "abused its discretion by granting Temporary Orders then extending those Orders and finally reaffirming removal of the infant BMy following an Adversary Hearing." However, for the reasons stated hereinabove, any challenge to the trial court's orders prior to the adversary hearing is moot.