DENIED and Opinion Filed April 12, 2019



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00258-CV

### IN RE R.P.D. JR., Relator

**Original Proceeding from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-23826**

## MEMORANDUM OPINION
Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Bridges

The underlying proceeding is a divorce and suit affecting the parent-child relationship. There is one child of the marriage. That child will turn one in June 2019. The underlying proceeding commenced in November 2018 after a physical altercation where Mother stabbed Father in the neck. Mother claims she stabbed Father following a violent altercation in which Father drew a gun on her and threatened to kill her. The child was present in the home during the altercation. Shortly thereafter, Mother sued for divorce, and Father filed a counter petition. Mother and Father accuse each other of family violence in their pleadings. Multiple hearings occurred in December 2018 and January 2019 before associate judges and District Court Judge David Lopez regarding the placement of the child and temporary orders for the child's care. Those hearings culminated in the February 7, 2019 order at issue here.

In this original proceeding, Father complains of a February 7, 2019 order appointing the Texas Department of Family and Protective Services (TDFPS) temporary managing conservator,

gives Mother supervised visitation on a weekly basis as arranged by Mother and TDFPS or the child's caregivers, and provides Father with supervised visits with the child at the TDFPS each week at hours agreed to and arranged between Father and TDFPS. Father seeks a writ of mandamus ordering the trial court to vacate the temporary orders that appointed TDFPS managing conservator of the child and to enter orders appointing Father sole managing conservator. Father presents two issues. First, he argues the trial court clearly abused its discretion by appointing TDFPS as temporary managing conservator because the evidence failed to meet the requirements of section 262.201(g) of the family code. Second, Father asserts the trial court clearly abused its discretion by failing to appoint Father temporary sole managing conservator where the evidence showed Mother committed family violence with the child present.

**Mandamus Standard**

A trial court's decision to allow TDFPS to maintain custody of a child following an adversary hearing is reviewable through a petition for a writ of mandamus. *In re Tex. Dep't of Family & Protective Servs.*, 255 S.W.3d 613, 614 (Tex. 2008); *see also In re J.D.S.*, 494 S.W.3d 387, 389 (Tex. App.—Waco 2015, orig. proceeding); *In re Allen*, 359 S.W.3d 284, 288 (Tex. App.—Texarkana 2012, orig. proceeding). A relator seeking mandamus relief from a temporary order in a suit affecting the parent-child relationship is entitled to such relief if he establishes that the trial court abused its discretion in signing the temporary orders. *In re Justin M*., 549 S.W.3d 330, 334 (Tex. App.—Texarkana 2018, orig. proceeding). An abuse of discretion occurs when the trial court's decision is so arbitrary and capricious that it amounts to clear error. *Walker v. Packer*, 827 S.W.2d 832, 839 (Tex. 1992). Because a trial court has no discretion in determining the law or in applying the law to the facts of the case, the failure to analyze or apply the law correctly constitutes an abuse of discretion. *In re Tex. Dep't of Family & Protective Servs*., 210 S.W.3d 609,

612 (Tex. 2006) (orig. proceeding); *In re Thompson*, 330 S.W.3d 411, 417 (Tex. App.—Austin 2010, orig. proceeding).

## Applicable Law

Chapter 262 of the family code sets forth the procedures and substantive requirements by which the TDFPS may take possession of a child when necessary to protect that child's health and safety. A full adversary hearing must be "held not later than the 14th day after the date the child was taken into possession" by the TDFPS. TEX. FAM. CODE ANN. § 262.201(a). Section 262.201(g) provides what evidence the TDFPS must present to maintain possession of the child after the required adversary hearing:

> (g) In a suit filed under Section 262.101 or 262.105, at the conclusion of the full adversary hearing, the court shall order the return of the child to the parent, managing conservator, possessory conservator, guardian, caretaker, or custodian entitled to possession unless the court finds sufficient evidence to satisfy a person of ordinary prudence and caution that:
>
> > (1) there was a danger to the physical health or safety of the child, including a danger that the child would be a victim of trafficking under Section 20A.02 or 20A.03, Penal Code, which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child;
> >
> > (2) the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal; and
> >
> > (3) reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home.

TEX. FAM. CODE ANN. § 262.201(g). Here, Father avers that no evidence supported findings that Father posed a danger to the physical health or safety of the child caused by his act or failure to act; there was an urgent need to protect the child from father requiring immediate removal of the child; or reasonable efforts had been made to return the child to father's home or that there was any substantial risk of harm to the child if the child were returned to Father's home.

**Discussion**

The record includes sufficient evidence to support the trial court's decision to appoint TDFPS temporary managing conservator following the adversary hearing. The November 2018 altercation occurred while the child was present in the house. Mother and Father both allege that the other has engaged in family violence. Mother also alleges that Father does not know how to properly care for the child, travels too much for work to be the managing conservator, and has physically and sexually abused Mother in the past. Father presented evidence that Mother, who holds dual citizenship in the U.S. and Russia, may be a flight risk with plans to leave the country with the child. This record includes sufficient evidence from which the associate judge and Judge Lopez could reasonably conclude that (1) there was a danger to the physical health or safety of the child caused by Mother's and Father's violent behavior while the child was in the home such that staying in the home is contrary to the child's welfare, (2) the violent nature of the November 2018 incident and the allegations that Mother planned to abscond with the child to Russia presented an urgent need for protection that required the immediate removal of the child, and (3) there remains a substantial risk of a continuing danger if the child is returned home.

The record also supports a finding that TDFPS made reasonable efforts to enable the child to return home under section 262.201(g)(3). Father maintains there is no evidence of any such efforts. However, the record includes evidence that TDFPS implemented a service plan for the parents, set up and permitted supervised visitation for both parents, and conducted a home study of the maternal grandparents, and the trial court ordered counseling for both parents. That evidence is sufficient to show reasonable efforts to enable the child to return home because implementation of a family service plan by TDFPS is considered a reasonable effort to return a child to the parent. *See e.g.*, *In re N.R.T.*, 338 S.W.3d 667, 674 (Tex. App.—Amarillo 2011, no pet.) (noting that there was evidence of service plans and TDFPS agreeing to home studies of family members as possible

placements); *see also In the Interest of M.R.J.M.*, 280 S.W.3d 494, 505 (Tex. App.—Fort Worth 2009, no pet.) (the State's preparation and administration of a service plan for the parent constitutes evidence that the State made reasonable efforts to return the child to the parent, and noting State made special arrangements for father to have parenting classes in nearby town); *In re S.S.*, No. 11-05-00083-CV, 2006 WL 1285125, at *2–3 (Tex. App.—Eastland May 11, 2006, no pet.) (mem. op.) (evidence that TDFPS prepared service plans for the parent, arranged and paid for a psychological evaluation and a drug assessment, provided the parent with counseling and parenting classes, and scheduled regular visitation for the parent was legally and factually sufficient to show reasonable effort to reunite parent with child).

Based on the record before us, we conclude relator has not shown he is entitled to the relief requested because he has not established an abuse of discretion. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

190258F.P05