**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed November 14, 2019.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

**NO. 14-19-00713-CV**

---

**IN RE K.L.M., Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**257th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-44698**

---

## MEMORANDUM OPINION

On September 18, 2019, relator K.L.M. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Deborah Patterson, presiding judge of the 257th District Court of Harris County, to vacate her July 30,

2019 order for protection of a child in an emergency and August 27, 2019 temporary order following an adversary hearing in the underlying suit affecting the parent-child relationship.[1]  We conditionally grant the petition.

## I. BACKGROUND

On May 21, 2019, the Texas Department of Family and Protective Services (the "Department") received a referral related to the abuse or neglect of the child by Mother and Father and conducted an investigation.  On July 1, 2019, the Department filed a petition for an order to participate in service or an original petition for conservatorship in a suit affecting the parent-child relationship.  The Department alleged, in part, that, (1) the Department had received and had probable cause to investigate a report of child abuse or neglect of the child; (2) an investigation had been completed, which confirmed that the child was suffering from the effects of abuse or neglect, or which indicated a reasonable likelihood that the child may be abused or neglected in the immediate foreseeable future; and (3) reasonable efforts had been made to prevent or eliminate the need to remove the child from the home, and allowing the child to remain in the home would be contrary to the child's welfare.  The Department sought an order for Mother to participate in services provided by the Department.  The petition was supported by the affidavit of a Department case worker.

---

[1] We requested a response to the petition from real party in interest Texas Department of Family and Protective Services.  However, no response was filed.

On July 23, 2019, the trial court ordered Mother to undergo drug testing. BraShanna Clark, a Department case worker, advised Mother that the July 23, 2019 hair follicle test was positive for opiates and heroin.

On July 30, 2019, the Department filed an amended petition, which also sought termination of Mother's and Father's parental rights. Also, on July 30, 2019, the trial court signed an order for protection of a child in an emergency and notice of hearing. The order states that the Department appeared, through Clark and its attorney, and the child's attorney ad litem appeared. The order further stated that Mother had notice of the hearing but did not appear.

The trial court made the following findings in the July 30, 2019 order: (1) there was an immediate danger to the physical health of the child or the child has been a victim of neglect, or human trafficking; (2) continuation in the home would be contrary to the child's welfare; (3) there was no time, consistent with the physical health or safety of the child, for a full adversary hearing; and (4) reasonable efforts consistent with the circumstances and providing for the safety of the child, were made to prevent or eliminate the need for removal of the child. The trial court appointed the Department emergency temporary sole managing conservator of the child.

After obtaining the order, the Department removed the child from her home with Mother on July 30, 2019. The "Notice of Removal of Children" stated that the child should be removed from her home because Mother used opiates and heroin and the child had access to Mother's drugs.

The trial court held an adversary hearing on August 27, 2019. Mother was present and represented by counsel. After the adversary hearing, the trial court signed a temporary order and found there was sufficient evidence to satisfy a person of ordinary prudence and caution that (1) there was a continuing danger to the physical health or safety of the child, which was caused by an act or failure to act of the person entitled to possession, and for the child to remain in the home is contrary to the welfare of the child; (2) the urgent need for protection required the immediate removal of the child and makes efforts to eliminate or prevent the child's removal impossible or unreasonable; and (3) notwithstanding reasonable efforts to eliminate the need for the child's removal and enable the child to return home, there is a substantial risk of a continuing danger if the child is returned home. The trial court appointed the Department temporary managing conservator of the child.

Mother seeks mandamus relief from the trial court's July 30, 2019 and August 27, 2019 orders. In her first issue, Mother contends that insufficient grounds exist for an ex parte emergency order removing the child from Mother's home. In her second issue, Mother further asserts that the trial court erred in refusing to return the child to her at the conclusion of the adversary hearing on August 27, 2019.

## II. STANDARD OF REVIEW

Ordinarily, to be entitled to a writ of mandamus, relators must show that the trial court clearly abused its discretion, and that they lack an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly

4

fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). When the challenged ruling is based on factual issues or matters committed to the trial court's discretion, the relator must show that the trial court could have reached only one decision. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

Temporary orders in a suit affecting the parent-child relationship, such as the orders Mother challenges here, are not subject to appeal under the Family Code and may be reviewed in a mandamus proceeding. *See* Tex. Fam. Code Ann. § 6.507; *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding) (per curiam).

### III. ANALYSIS

### A.     Order Authorizing the Removal of the Child

In her first issue, Mother contends that insufficient grounds existed warranting the ex parte removal of the child. Section 262.102, entitled "Emergency Order Authorizing Possession of Child," requires the following findings:

> (a) Before a court may, without prior notice and a hearing, issue a temporary order for the conservatorship of a child under section 105.001(a)(1) or a temporary restraining order or attachment of a child authorizing a governmental entity to take possession of a child in a suit brought by a governmental entity, the court must find that:
>
> (1) there is an immediate danger to the physical health or safety of the child or the child has been a victim of neglect or sexual abuse;
>
> (2) continuation in the home would be contrary to the child's welfare;

(3) there is no time, consistent with the physical health or safety of the child and the nature of the emergency, for a full adversary hearing under Subchapter C; and

(4) reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to prevent or eliminate the need for removal of the child.

Tex. Fam. Code Ann. § 262.102(a).

The full adversary hearing serves the same purpose as the initial hearing, because in order to retain temporary possession and custody of the child, the Department must prove that there is a continuing danger to the physical health or safety of the child and that remaining in the home is contrary to the welfare of the children. *In re Justin M.*, 549 S.W.3d 330, 332–33 (Tex. App.—Texarkana 2018, orig. proceeding). The adversary hearing affords the parents the opportunity to present evidence on their own behalf, hear and challenge the Department's evidence, and challenge the Department's right to retain the children it previously took into custody under an ex parte order. *Id.* at 333.

Mother contends that she did not receive notice of the initial hearing and there is no evidence to support any of the trial court's findings made pursuant to section 262.102(a). The trial court held an adversary hearing four weeks after it signed the July 30, 2019 order. Mother was present at the full adversary hearing and was represented by counsel, who presented evidence on Mother's behalf and cross-examined the Department's witnesses. Therefore, the full adversary hearing served the same purpose as the initial hearing with the addition of Mother's full participation with representation. *See id.* at 332–33.

6

Even though four weeks passed between the initial hearing and the adversary hearing, Mother failed to seek relief from the trial court's July 30, 2019 order permitting removal of the child. Therefore, Mother's challenges to the July 30, 2019 order are moot. *See id.* at 334 n.5 (holding that, because the purposes of the initial hearing were satisfied by the full adversary hearing and relator failed to seek relief in the interim, the relator's challenges to the trial court's orders prior to the adversary hearing were moot). Mother's first issue is overruled.

**B.** **Order after Full Adversary Hearing**

In her second issue, Mother asserts that the trial court erred by refusing to return the child at the conclusion of the full adversary hearing. After a full adversary hearing, the trial court must order the child returned to the parent unless the court finds sufficient evidence to satisfy a person of ordinary prudence and caution that:

> (1) there was a danger to the physical health or safety of the child, including a danger that the child would be a victim of trafficking under Section 20A.02 or 20A.03, Penal Code which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child;
>
> (2) the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal; and
>
> (3) reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home.

Tex. Fam. Code Ann. § 262.201(g).

Removing a child from her home and parents on an emergency basis before fully litigating the issue of whether the parents should continue to have custody of the child is an extreme measure that may be taken only when the circumstances indicate a danger to the physical health and welfare of the child and the need for her protection is so urgent that immediate removal from the home is necessary. *In re Pate*, 407 S.W.3d 416, 419 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). Unless the evidence demonstrates the existence of each requirement set forth in section 262.201(g), the trial court is required to return the child to the parents' custody pending litigation. Tex. Fam. Code Ann. § 262.201(g); *Pate*, 407 S.W.3d at 419.

With regard to subjection (g)(2)—the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal—Mother argues that the Department failed to use any reasonable efforts to prevent the child's removal. Mother claims that continuation in the home was a viable option because Mother's grandmother was willing to stay at the child's home to keep the child there.

At the adversary hearing, Mother's grandmother testified that she was present when Clark removed the child from Mother's home. Mother's grandmother offered to stay in Mother's home to supervise the child. The Department refused Mother's grandmother's offer.

Clark similarly testified that Mother's grandmother offered to stay in the home and supervise the child. Clark's supervisor, who was not present when Clark

8

removed the child from Mother's home, refused Mother's grandmother's offer to stay in the home with the child. Clark observed that Mother's home was a nice home: it was clean, there a bedroom for the child, and food in the refrigerator.

Clark testified that the child was removed from Mother's home because Mother tested positive for heroine. Mother acknowledges that the Department is not expected to ignore a positive drug test. *See In re M.N.M.*, 524 S.W.3d 396, 405 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) ("The Department could not ignore a pre-removal hair follicle test that came back positive or the results of post-removal drug tests[.]"). On the other hand, "the Texas Family Code provides a range of mechanisms to address controlled substance abuse by parents." *Id.*

In *M.N.M.*, the mother's hair follicle test was positive for amphetamine and methamphetamine and was not specific as to time and potentially encompassed a period of months earlier and the pre-removal urinalysis was negative. *Id.* at 400, 405. In her visits with the mother, father, and the child before removal, the caseworker observed an injury-free two-year-old who was appropriately dressed, groomed, fed, housed, and behaved; appropriate interactions between the child and the father; a clean and hazard-free house; and a kitchen stocked with food. *Id.* at 405. This court held that the record did not support removal or that an urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal or the subsequent refusal to return the child. *Id.* at 406.

9

In light of testimony that (1) Mother's grandmother offered to stay in the child's home and supervise the child, and (2) the home was clean, the child had her own bedroom, and the was food in the home, and (3) that the Department presented no evidence that it made reasonable efforts to protect the child short of removal from the home, we conclude that there is no evidence to support the trial court's finding that there was an urgent need for protection that required the immediate removal of the child or that reasonable efforts were made to eliminate or prevent the child's removal from Mother's home. We sustain Mother's second issue.[2]

The Department has not satisfied all the requirements of section 262.201(g) to remove from the child from her home and to refuse to return the child after a full adversary hearing. Therefore, the child must be returned to her home with Mother. *See Pate*, 407 S.W.3d at 419.

Accordingly, we conditionally grant relator's petition for writ of mandamus and direct the trial court to vacate the temporary order following adversary hearing signed August 27, 2019, and order the return of the present possession of the child to relator. The writ will issue only if the trial court fails to comply.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Zimmerer.

---

[2] Although Mother also challenges the trial court's other findings under section 262.201(g), we need not address those arguments.