

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00014-CV

---

IN RE JENNY CURB, RELATOR

---

ORIGINAL PROCEEDING

---

February 6, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Relator, Jenny Curb, seeks a writ of mandamus to compel the Honorable Reed Filley to vacate his order of November 7, 2022, regarding possession of and access to her minor child, Z.Z.D.  We deny the requested relief.

**BACKGROUND**

Curb and Zachary L. Dissinger are divorced and share custody of a son who was born in 2011.  In a 2019 temporary order, which Curb is not challenging, she was named possessory conservator; however, her visitation was "suspended until a recommendation is received by the Court from the child's counselor stating that Jenny Curb's times of possession should be resumed."  For the next few years, Curb filed various pleadings

seeking to modify temporary orders and to establish personal contact with her child. On April 1, 2022, the trial court approved an agreed order for joint counseling between Curb and her child with supervision by a counselor, one video call per week, and allowed attendance at the child's extracurricular activities. Curb continued her attempts to modify temporary orders based on Dissinger's refusal to comply with the agreed order.[1]

Finally, on October 3, 2022, Curb filed her *Amended Motion for Modification of Custody*. She moved for modification with respect to her visitation and requested specific provisions granting her access to her child on alternating weekends as well as on holidays and school breaks. Following a hearing on the motion, the trial court signed an order on November 7, 2022, denying her motion and ordering that the parties "take all steps reasonably necessary for counseling with the Child to effect reunification with Mother . . . ." The order recited that Curb attend the joint counseling sessions by "telephone or other remote audio means." On November 21, 2022, Curb moved for reconsideration arguing that Dissinger had ignored previous orders and that the trial court's order was depriving her of constitutional parental rights. She asserted that the trial court's failure to recognize her rights left her with "no choice but to seek mandamus relief." By order dated November 29, 2022, the trial court denied Curb's motion for reconsideration.

### MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists.

---

[1] Dissinger was found in criminal contempt and jailed for five days for willfully violating orders and interfering with Curb's communications with the child.

*In re Acad. Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding). Furthermore, to establish a ministerial act, a relator must also show (1) a legal duty to perform, (2) a demand for performance, and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

## ANALYSIS

Curb maintains the trial court abused its discretion in entering the order denying her *Amended Motion for Modification of Custody* and her *Motion for Reconsideration*. Relying on *In re Justin M.*, 549 S.W.3d 330 (Tex. App.—Texarkana 2018, orig. proceeding), she contends "[t]here is no appeal available from the ruling under review."

3

Without elaborating on why she has no adequate appellate remedy, she argues that she is entitled to mandamus relief because her parental rights have been violated.[2]

Generally, temporary orders in conservatorship matters are not subject to interlocutory appeal under the Texas Family Code. TEX. FAM. CODE ANN. § 105.001(E); *In re Allen*, 359 S.W.3d 284, 288 (Tex. App.—Texarkana 2012, orig. proceeding). Thus, when a trial court abuses its discretion in the issuance of temporary orders in a suit affecting the parent-child relationship, mandamus relief is proper because there are no adequate appellate remedies. *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding); *In re O'Connor*, No. 03-21-00159-CV, 2021 Tex. App. LEXIS 7255, at *1 (Tex. App.—Austin Aug. 31, 2021, orig. proceeding) (granting mandamus relief from trial court's order for relator to pay attorney's fees because he established that he had no adequate remedy by appeal).

A suit to modify possession, access, and conservatorship, however, is a "new suit" and results in a final and appealable order. *In re Velez-Uresti*, 361 S.W.3d 200, 202 (Tex. App.—El Paso 2012, pet. denied); *Bilyeu v. Bilyeu*, 86 S.W.3d 278, 282 (Tex. App.—Austin, 2002, no pet.). Here, Curb represents that the order she complains of is a post-divorce proceeding "regarding possession, care and custody of the minor child." Such suits are governed by chapter 156 of the Texas Family Code. While a court may enter temporary orders in a modification suit under section 156.006, the record before us does not indicate that the complained-of order is a temporary order. Curb's pleading is labeled

---

[2] *See In re C.J.C.*, 603 S.W.3d 804, 811–12 (Tex. 2020) (citing *Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000) (acknowledging that the interest of parents in the care, custody, and control of their children is the oldest of fundamental liberty interests recognized)); *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S. Ct. 1388, 71 L. Ed. 2d (1982) (recognizing in a termination of parental rights case that natural parents have an interest in the care, custody, and management of their child).

4

"Amended Motion for Modification of Custody." She specifically requested modification to include specific periods of visitation and her prayer requested "modification of the custody." We are directed to look at the substance of a pleading to determine its nature and the relief sought. *Cupit v. Tex. Civil Commitment Office*, No. 07-18-00228-CV, 2018 Tex. App. LEXIS 9384, at *4 (Tex. App.—Amarillo Nov. 16, 2018, no pet.) (mem. op.). Her pleading resulted in a new suit under the Texas Family Code. *In re Honea*, 415 S.W.3d 888, 890–91 (Tex. App.—Eastland 2013, orig. proceeding). The trial court's order of November 7, 2022, denying her motion to modify conservatorship resulted in a final and appealable order. Such an order is reviewable by direct appeal and thus, Curb's claim that she has no adequate remedy to challenge the order is erroneous.[3] Mandamus will not lie under the documents presented in the record before us.

Even if mandamus review was available, Curb did not present any argument on the lack of an adequate remedy by appeal other than a conclusory statement and an argument that her parental rights were violated.[4] She did not satisfy one of the requirements for showing entitlement to mandamus relief. *See generally In re Smith*, No. 07-12-00511-CV, 2012 Tex. App. LEXIS 10383, at *5 (Tex. App.—Amarillo Dec. 13, 2012, orig. proceeding) (discussing a relator's burden to show no adequate remedy).

We deny Curb's petition for writ of mandamus.

Per Curiam

---

[3] Curb's reliance on *In re Justin M.*, 549 S.W.3d 330 (Tex. App.—Texarkana 2018, orig. proceeding), is misplaced. That case involved the issuance of temporary orders and mandamus relief was denied because the relator failed to show the trial court abused its discretion.

[4] This Court expresses no opinion on whether Curb established a clear abuse of discretion by the trial court.