

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00076-CV

_____

IN RE:  JOSHUA HUGHES

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

O P I N I O N

In August 2014, the Department of Family and Protective Services filed in Bowie County, Texas, its petition for protection of a child, for conservatorship, and for termination in a suit affecting the parent-child relationship. On the same day, the trial court entered an order for protection of the child naming the Department as the child's temporary managing conservator and issued a notice of hearing. At the adversary hearing, Joshua Hughes, the father of the child at issue, moved to dismiss the petition because it lacked an affidavit as required by the Texas Family Code. *See* TEX. FAM. CODE ANN. § 262.101 (West 2014). The trial court stated that it had reviewed affidavits of the child's parents in another case and believed there were issues of drug abuse involved. During the hearing, the court admitted no exhibits and heard no testimony. Because there was no evidence in support of the Department's petition, Hughes moved for a directed verdict. The trial court denied Hughes' motions and issued a "Temporary Order Following Adversary Hearing" mandating that the child would remain in the care of the Department. In his petition for writ of mandamus, Hughes asks this Court to vacate the temporary order and order the child returned to Hughes.

We may grant a petition for writ of mandamus when the relator shows there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam). The relator must establish that the facts and the law permit the trial court to make only one decision. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

Temporary orders in a suit affecting the parent-child relationship are not subject to an interlocutory appeal under the Texas Family Code. TEX. FAM. CODE ANN. § 6.507 (West 2006). Accordingly, Hughes lacks a clear and adequate remedy at law and has thus satisfied the first requirement for mandamus relief. *See Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding) (per curiam) (mandamus appropriate remedy "since trial court's issuance of temporary orders not subject to interlocutory appeal").

Next, we must determine whether the record establishes a clear abuse of discretion by the trial court. *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (orig. proceeding) (per curiam); *Dancy*, 815 S.W.2d at 549; *In re Allen*, 359 S.W.3d 284, 288 (Tex. App.—Texarkana 2012, orig. proceeding). Hughes argues that the trial court abused its discretion in issuing the temporary order which allowed the Department to keep custody and control of his child and refused to return the child to his possession because the Department failed to produce any evidence (1) of danger to the child, (2) of an urgent need for protection requiring the immediate removal of the child, (3) of reasonable efforts to enable the child to return to Hughes' home, and (4) of a substantial risk of continuing danger to the child if returned to Hughes' home.

Section 262.201(b) of the Texas Family Code states,

> (b)    At the conclusion of the full adversary hearing, the court shall order the return of the child to the parent, managing conservator, possessory conservator, guardian, caretaker, or custodian entitled to possession unless the court finds sufficient evidence to satisfy a person of ordinary prudence and caution that:
>
> > (1)    there was a danger to the physical health or safety of the child which was caused by an act or failure to act of the person entitled to

3

possession and for the child to remain in the home is contrary to the welfare of the child;

  (2)   the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal; and

  (3)   reasonable efforts have been made to enable the child to return home, but there is a substantial risk of continuing danger if the child is returned home.

TEX. FAM. CODE ANN. § 262.201 (West 2014). "Unless evidence demonstrates the existence of each of the requirements of section 262.201(b), the trial court is required to return the child to the custody of his parents pending litigation." *In re Pate*, 407 S.W.3d 416, 419 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding).

In this case, the temporary order states that its findings are based on "the sworn affidavit accompanying the petition and based upon the facts contained therein and the evidence presented to [the] [c]ourt at the hearing." However, it is undisputed that the petition did not have an accompanying affidavit, and the Department produced no evidence or testimony of any kind at the hearing. Yet, somehow, the trial court granted the temporary order anyway.[1]

Here, Hughes has shown that the trial court could have come to only one reasonable conclusion—that the Department failed to satisfy the requirements of Section 262.201(b) and that possession of the child should have been returned to his father as required under Section 262.201. Accordingly, we conditionally grant Hughes' petition for writ of mandamus and direct

---

[1]To its credit, and in keeping with the highest ethical standards, the Department concedes that it produced no evidence in support of its petition, that the trial court's order should be vacated, and that the child should be returned to Hughes.

4

the trial court to vacate its "Temporary Order Following Adversary Hearing" signed on September 3, 2014, and order the return of the present possession of the child to Hughes. The writ will issue only if the trial court fails to comply with this opinion.

Bailey C. Moseley
Justice

Date Submitted: October 2, 2014
Date Decided: October 3, 2014