# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00030-CV

## In re A. V. and G. G.

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relators A.V. and G.G. have filed a petition for writ of mandamus seeking (1) to vacate the trial court's temporary orders granting the Texas Department of Family and Protective Services temporary conservatorship of relators' child and (2) to compel the trial court to conduct a full adversary hearing in accordance with Chapter 262 of the Texas Family Code. *See* Tex. Fam. Code § 262.201. We will conditionally grant the requested mandamus relief.

## BACKGROUND

On November 10, 2014, the Department filed an original petition for termination and for conservatorship in a suit affecting the parent-child relationship. The same day, the trial court signed ex parte orders granting temporary conservatorship of the relators' child to the Department. Two weeks later, the trial court signed an order setting the case for an adversary hearing pursuant to Section 262.201 of the Texas Family Code. *See id*. Specifically, the November 24 order stated that the adversary hearing was set for 8:30 a.m. on January 5, 2015, as agreed to by the parties. In addition, the order warned the relators that to proceed with the setting they must first "(1) announce

ready in accordance with the Local Rules and attached procedures; (2) timely appear for the Monday Family Law Docket at 8:30 a.m. in accordance with the Local Rules and attached procedures; and (3) wait for the hearing to be assigned to a judge from the docket." Finally, the order informed the relators that if they "fail[ed] to comply with the specific procedures for announcing and appearing for the hearing" the trial court could enter appropriate orders, including granting temporary managing conservatorship to the Department.

It is undisputed that counsel for the relators failed to announce as required.[1] In addition, relators' counsel failed to appear for the Monday Family Law Docket on January 5, 2015.[2] On the afternoon of January 5, the parties received an e-mail from an employee at the court informing the parties that the court "ha[d] removed this setting from its calendar due to the failure of the parties to announce." However, that same day, the trial court signed temporary orders finding that "[relators' attorney] failed to announce as required by the instructions and [relator's attorney] failed to appear at the Family Law Docket" and granting temporary managing conservatorship to the Department.

In this original proceeding, the relators argue that the trial court abused its discretion by signing the temporary orders in favor of the Department without conducting a full adversary hearing as required by Chapter 262 of the Family Code.

---

[1] According to the record before us, relators' counsel, upon discovering the error, immediately contacted the court and the Department's attorney to convey her readiness and willingness to go forward with the adversary hearing.

[2] According to relators' counsel's affidavit, submitted in support of relators' petition for writ of mandamus, a colleague agreed to appear at the docket on counsel's behalf, but the colleague inadvertently went to the wrong docket.

**MANDAMUS**

A party seeking mandamus relief must establish that (1) the trial court clearly abused its discretion and (2) there is no adequate remedy by appeal. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). Temporary orders in a suit affecting the parent-child relationship are not subject to an interlocutory appeal. *See* Tex. Fam. Code § 6.507. As a result, the relators lack an adequate remedy at law and are entitled to mandamus if they establish that the trial court abused its discretion in signing the temporary orders. An abuse of discretion occurs when the trial court's decision is so arbitrary and capricious that it amounts to clear error. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). Because a trial court has no discretion in determining what the law is or applying the law to the facts of the case, the failure to analyze or apply the law correctly constitutes an abuse of discretion. *In re Texas Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 612 (Tex. 2006); *In re Thompson*, 330 S.W.3d 411, 417 (Tex. App.—Austin 2007, orig. proceeding).

**ANALYSIS**

Chapter 262 of the Texas Family Code governs the procedures and substantive requirements by which the Department may take possession of a child in order to protect the child's health and safety. *See* Tex. Fam. Code §§ 262.001-.353. Under Chapter 262, the Department may, under certain circumstances, take emergency possession of the child without prior notice and a hearing. *See* §§ 262.101, .102. Removing children from their homes and parents on an emergency basis before fully litigating the issue of whether the parents should continue to have custody of the children is an extreme measure. *In re Pate*, 407 S.W.3d 416, 419 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding) (citing *In re Steed*, No. 03-08-00235-CV, 2008 WL 2132014, at *1

3

(Tex. App.—Austin May 22, 2008, orig. proceeding) (mem. op.) (per curiam)). Therefore, when the Department obtains an order authorizing possession on an emergency basis, the Department may continue to maintain custody of the child only upon a showing of specific circumstances that justify keeping the child during the pendency of the litigation. *See Steed*, 2008 WL 2132014, at \*1.

Section 262.201 requires that the trial court hold a full adversary hearing within fourteen days after the Department has taken emergency possession of the child. Tex. Fam. Code § 262.201(a). "[T]he purpose of section 262[.201] is to afford parents the opportunity to challenge [the Department's] right to retain any children whom the Department has taken into custody under an ex parte order from the court." *In re E.D.L.*, 105 S.W.3d 679, 688 (Tex. App.—Fort Worth 2003, pet. denied). Following the hearing, the court must order the return of the child to his parents pending a full adjudication of parental rights, unless the court finds sufficient evidence to satisfy a person of ordinary prudence and caution that:

(1)     there was a danger to the physical health or safety of the child which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to his welfare;

(2)     the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal; and

(3)     reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home.

Tex. Fam. Code § 262.201(b).

In this case, the trial court's January 5 temporary orders contained the findings required by Section 262.201(b) and stated that the court had received sufficient evidence of those

4

elements. However, the Department does not dispute that no evidentiary hearing was conducted and that it presented no evidence or testimony to the trial court in support of the temporary orders. As such, there was no evidence on which the trial court could have based its findings. Rather, the court signed the temporary orders, at least in part, based on its finding that relators' counsel failed to comply with the requirements of the court's local rules and, by incorporation, the court's November 24 order. A court's local rules, however, cannot trump the mandatory requirements of a statute. *See In re Gordon*, No. 03-14-00072-CV, 2014 WL 1279740, at *3 (Tex. App.—Austin Mar. 28, 2014, orig. proceeding) (mem. op.) (local rule violations did not waive parents' right to seek dismissal under family code); *see also In re Alpert*, 276 S.W.3d 592, 598 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (local rule may not conflict with rules of civil procedure). To the extent *any* hearing was held on January 5, no reporter's record was made.[3] Based on the limited record before us, we cannot conclude that there was evidence sufficient to support the trial court's decision to sign the temporary orders.[4]

Absent a record of an evidentiary hearing, we cannot determine that the trial court had a basis on which to make the findings required under Section 262.201(b). *See In re Hughes*, 446 S.W.3d 859, 861 (Tex. App.—Texarkana 2014, orig. proceeding) (concluding that trial court

---

[3] In response to the petition for mandamus, the trial court has filed a letter brief with this court, explaining that a hearing was, in fact, conducted on January 5, 2015, and that the trial court considered evidence "previously received or in the record." No record of any evidence, however, has been presented by any party in these proceedings.

[4] While we empathize with the trial court's busy family docket and the need for certainty in the setting of hearings, the facts presented here indicate that despite relators' failure to appear, the Department did not go forward with an evidentiary hearing and made no record for review. This left the trial court with no evidence on which to make its findings and this Court with no record to review.

abused its discretion in granting temporary orders when no evidence or testimony was presented); *see also Steed*, 2008 WL 2132014, at *4 (concluding that trial court abused its discretion in failing to return children because evidence was legally and factually insufficient to support findings required by section 262.201 to maintain custody with Department). Based on the record before us, we must conclude the trial court abused its discretion in signing the temporary orders without an evidentiary hearing and without evidence to support those orders. *See Pate*, 407 S.W.3d at 419 ("Unless evidence demonstrates the existence of each of the requirements of Section 262.201(b), the trial court is required to return the child to the custody of his parents pending litigation."); *see also E.D.L.*, 105 S.W.3d at 689 (failure to conduct adversary hearing is subject to mandamus relief).

We conditionally grant the relators' petition for writ of mandamus and direct the trial court to vacate its January 5 temporary orders. The writ will issue only if the trial court fails to comply within 7 days of the date of this opinion.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Filed: February 27, 2015