

# NUMBER 13-23-00156-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE A.S.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Longoria[1]**

By one issue, relator A.S.,[2] who is the mother to minor child A.J.S.D., contends

that the trial court[3] abused its discretion by failing to return A.J.S.D. to her at the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 (requiring the appellate courts to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] We use pseudonyms to refer to relator, the children, and other family members. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.

[3] This original proceeding arises from trial court cause number 23-03-89497-A in the 24th District Court of Victoria County, Texas, and the respondent is the Honorable Jack W. Marr. *See* TEX. R. APP. P. 52.2.

conclusion of a full adversary hearing under the family code. *See* TEX. FAM. CODE ANN. § 262.201(g). We conditionally grant relief as stated herein.

## I. BACKGROUND

This case concerns the involuntary termination of parental rights under Chapter 161 of the Texas Family Code. *See id.* §§ 161.001–.304. A.S. is the mother of two minor children: E.D. and A.J.S.D. A.J.S.D., who was born in December 2022, was admitted to the hospital one month later in January 2023 with severe head trauma. According to A.S., A.J.S.D.'s "brain functioning had been so severely impaired that the child would likely succumb to [their] injuries and die." The child's injuries required specialized feeding and medical equipment. Upon the child's discharge from the hospital, the Texas Department of Family and Protective Services (Department) implemented a safety plan prohibiting A.J.S.D.'s father, W.D., from being in the presence of A.S. or either of the minor children. According to the Department, "it is uncontested that W.D. caused the injuries [A.J.S.D.] sustained that day, and A.S. was not present during the incident." In February 2023, the Department implemented a second safety plan after it became concerned that A.S. had allowed W.D. to see the children in violation of the safety plan. This new safety plan required A.S.'s mother to supervise all contact between A.S. and the children.

On March 3, 2023, the Department filed its "Original Petition For Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship." That same day, the trial court signed an "Order for Protection of a Child in an Emergency Hearing and Notice of Hearing." In this order, the trial court found that "all reasonable efforts . . . have been made by the [Department] to prevent or eliminate the

2

need for removal of the children . . . from the home and to make it possible for the children to return home but continuation in the home of the [p]arents would be contrary to the children's welfare." This order named the Department as temporary sole managing conservator of the children and, among other things, appointed an attorney ad litem and a guardian ad litem for the children, appointed temporary attorney ad litems for A.S. and W.D., and set the matter for a full adversary hearing.

On March 17, 2023, the Department filed its "First Amended Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship." On March 20, 2023, and March 21, 2023, the trial court held a full adversarial hearing with testimony from multiple witnesses. On April 10, 2023, the trial court signed the "Temporary Order Following Adversary Hearing," which is at issue in this original proceeding. This order returns minor child E.D. to A.S., but does not similarly return minor child A.J.S.D. to A.S. The order, which includes multiple handwritten notations and interlineations, includes the following findings:

> Having examined and reviewed the Department's pleadings and the sworn affidavit accompanying the petition and based upon the facts contained therein and the evidence presented to this Court at the hearing conducted on this date, the Court finds there is sufficient evidence to satisfy a person of ordinary prudence and caution that: (1) there was a danger to the physical health or safety of the child, [A.J.S.D.]. The Court further finds it is contrary to the welfare of the child [A.J.S.D.] to remain in the home of [A.S.] or of [W.D.], and[] (2) the urgent need for protection required the immediate removal of [A.J.S.D.] and no reasonable efforts consistent with the circumstances and providing for the safety of [A.J.S.D.] were available . . . , and (3) reasonable efforts are available to enable [A.J.S.D.] to return home [sic] of [A.S. or W.D.] but there is a substantial risk of a continuing danger if [A.J.S.D.] are [sic] returned home [sic] of [A.S. or W.D.] at this time.

This original proceeding ensued. As stated previously, A.S. asserts that the trial Court abused its discretion in failing to return A.J.S.D. to her at the conclusion of the adversary hearing as required by Texas Family Code § 262.201(g). In summary, A.S. argues that the trial court must order the return of the child unless clear and convincing evidence supports each subsection of § 262.201(g); the Department was "demonstrably biased against A.S. in seeking emergency removal of A.J.S.D. and failed to produce clear and convincing evidence of any failure by A.S. to care for or protect either of her children"; the Department did not prove the existence of any danger to A.J.S.D.'s physical health or safety caused by A.S. or that it was contrary to A.J.S.D.'s welfare to remain in A.S.'s home; that the evidence was insufficient to find any urgent need for the protection of A.J.S.D. which required the immediate removal of the child; and the evidence was insufficient to support any finding that reasonable efforts were made to eliminate or prevent the child's removal.

This Court requested that the Department, or any others whose interest might be directly affected by the relief sought, including but not limited to W.D., attorney ad litem Julie Hale, and guardian ad litem Marla Darilek, to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8. The Department has filed a response to the petition for writ of mandamus asserting that, "[a]lthough the evidence was overwhelmingly in support of the required findings under § 262.201, the trial court's order failed to make those required findings." Thus, while "the Department disagrees that the evidence was insufficient," it "concedes the order must be vacated due to the lack of required statutory findings."

4

## II.    MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. A trial court's ruling allowing the Department to maintain custody of a child following an adversarial hearing is not subject to appeal and may be reviewed by mandamus. *See In re Tex. Dep't of Fam. & Protective Servs.*, 255 S.W.3d 613, 615 (Tex. 2008) (orig. proceeding) (per curiam); *In re Justin M.*, 549 S.W.3d 330, 334 (Tex. App.—Texarkana 2018, orig. proceeding); *In re M.N.M.*, 524 S.W.3d 396, 399 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *see also In re J.D.S.*, 494 S.W.3d 387, 389–90 (Tex. App.—Waco 2015, no pet.) (explaining that the trial court's decision to allow the Department to maintain custody of a child following a full adversary hearing is reviewable by mandamus and that any temporary order making findings to support removal will be superseded by the entry of a final order of termination).

### III. LAW AND ANALYSIS

Chapter 262 of the family code sets forth the procedures and substantive requirements by which the Department may take possession of a child when necessary to protect that child's health and safety. *See generally* TEX. FAM. CODE ANN. §§ 262.001–.417. The Department is granted authority in urgent circumstances to remove a child from his or her home without prior notice. *See id.* § 262.101. Absent an extension of time, "a full adversary hearing shall be held not later than the 14th day after the date the child was taken into possession" by the Department. *Id.* § 262.201(a). "[T]he adversary hearing affords the parents the opportunity to present evidence on their own behalf, hear and challenge the Department's evidence, and challenge the Department's right to retain the children it previously took into custody under an ex parte order." *In re Justin M.*, 549 S.W.3d at 333. The code delineates the trial court's responsibilities following the full adversary hearing:

> In a suit filed under [§] 262.101 or 262.105, at the conclusion of the full adversary hearing, the court shall order the return of the child to the parent, managing conservator, possessory conservator, guardian, caretaker, or custodian entitled to possession from whom the child is removed unless the court finds sufficient evidence to satisfy a person of ordinary prudence and caution that:
>
> (1)    there was a danger to the physical health or safety of the child, including a danger that the child would be a victim of trafficking under [§] 20A.02 or 20A.03, Penal Code, which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child;
>
> (2)    the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal; and

6

> (3)   reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home.

TEX. FAM. CODE ANN. § 262.201(g). The removal of a child on an emergency basis before fully litigating custody matters "is an extreme measure that may be taken only when the circumstances indicate a danger to the physical health and welfare of the child and the need for his [or her] protection is so urgent that immediate removal from the home is necessary." *In re Pate*, 407 S.W.3d 416, 419 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). Unless the evidence reflects the existence of each requirement set forth in this section, the court must return the child to the custody of its parents pending further litigation. *See In re M.N.M.*, 524 S.W.3d at 399; *In re Hughes*, 446 S.W.3d 859, 861 (Tex. App.—Texarkana 2014, orig. proceeding); *In re Pate*, 407 S.W.3d at 419.

We examine the trial court's order in conjunction with the statutory requirements. The trial court applied the correct statutory standard of review insofar as it examined whether there was sufficient evidence to satisfy a person of ordinary prudence and caution of the statutory requirements. *See* TEX. FAM. CODE ANN. § 262.201(g). Subsection (1) required the trial court to find that "there was a danger to the physical health or safety of the child . . . which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child." *Id.* § 262.201(g)(1). The court's order provided that "there was a danger to the physical health or safety of the child," and that "it is contrary to the welfare of the child . . . to remain in the home of [A.S. or W.D.]," but the trial court struck through printed language stating that the danger "was caused by an act or failure to act of the person entitled to

7

possession." Thus, the trial court's finding does not comply with the express statutory language requiring it to conclude that the danger was caused by the person entitled to possession. *See id*.

Subsection (2) required the trial court to find that "the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal." *Id.* § 262.201(g)(2). The trial court's order provided that "the urgent need for protection required the immediate removal of [A.J.S.D.], and no reasonable efforts consistent with the circumstances and providing for the safety of [A.J.S.D.] were available." The statute required the trial court to conclude that reasonable efforts were made to eliminate or prevent the child's removal; however, the trial court instead concluded that there were no reasonable methods to accomplish this goal. *See id.*

Subsection (3) required the trial court to find that "reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home." *Id.* § 262.201(g)(3). The trial court's order instead provides that "no reasonable efforts are available to enable [A.J.S.D.] to return [to the] home of [A.S.] or [W.D.], but there is a substantial risk of a continuing danger if [A.J.S.D. is] returned home to [A.S. or W.D.] at this time." The statute required the Department to make reasonable efforts, but the trial court seemingly concluded that this effort was not necessary. *See id.*

Based on the foregoing, the trial court failed to make the findings required by § 262.201(g). According to the provisions of the order, the trial court affirmatively did *not*

find that there was a danger to the physical health or safety of A.J.S.D. which was caused by an act or failure to act of A.S., or that reasonable efforts were made to eliminate or prevent A.J.S.D.'s removal, or that reasonable efforts were made to enable A.J.S.D. to return home. *See id.* Thus, in the absence of the required findings, the trial court abused its discretion in failing to order the return of A.J.S.D. to A.S. *See In re M.N.M.*, 524 S.W.3d at 399; *In re Hughes*, 446 S.W.3d at 861; *In re Pate*, 407 S.W.3d at 419.

We turn our attention to the appropriate remedy for this abuse of discretion. A.S. asserts that we should direct the trial court to order A.J.S.D. to be returned to her. The Department asserts that, instead, we should set aside the trial court's temporary order and remand the matter for a new hearing. In support of that proposition, the Department cites *In re E.D.L.*, 105 S.W.3d 679 (Tex. App.—Fort Worth 2003, no pet.). In *E.D.L.*, the appellant contended that the fourteen-day deadline for holding a full adversary hearing was jurisdictional and the trial court's failure to dismiss the case for failing to meet that deadline constituted error. *See id*. at 685. The Fort Worth Court of Appeals rejected appellant's contention that this deadline was jurisdictional and held that, "[i]n the event a full adversary hearing is not held within fourteen days, [§] 262.201 provides both the parents and [the Department] the right to compel the trial court by mandamus to conduct the adversary hearing promptly." *Id.* at 688. The Department also cites *In re A.V.*, No. 03-15-00030-CV, 2015 WL 869013 (Tex. App.—Austin, Feb. 27, 2015, orig. proceeding) (mem. op.), in support of its request that we direct the trial court to hold a second adversary proceeding. In *A.V.*, the relators filed a petition for writ of mandamus seeking (1) to vacate the trial court's temporary orders granting the Department temporary

9

conservatorship of relators' child, and (2) to compel the trial court to conduct a full adversary hearing in accordance with Chapter 262 of the Texas Family Code. *Id.* at *1. In that case, the trial court utterly failed to hold the full adversary hearing mandated by the family code; thus, the Austin Court of Appeals conditionally granted mandamus relief and directed the trial court to vacate its temporary orders allowing the Department to retain possession of the child. *Id.* at *3.

We conclude that these cases, which concern the failure to hold an adversary hearing, are inapposite to the situation presented here, where a full adversary hearing was held. Based on our review of the applicable law, the appropriate remedy is to direct the trial court to vacate its temporary order following the adversary hearing. *See In re M.N.M.*, 524 S.W.3d at 406; *In re Hughes*, 446 S.W.3d at 861; *In re Pate*, 407 S.W.3d at 420; *In re Allen*, 359 S.W.3d 284, 291 (Tex. App.—Texarkana 2012, orig. proceeding) (op. on reh'g). We thus decline to direct the trial court to hold an additional adversarial hearing. In so ruling, however, we note that our supreme court has addressed the trial court's "broad authority to protect children" when children are ordered returned to their parents under § 262.201:

> The court may make and modify temporary orders "for the safety and welfare of the child," including an order "restraining a party from removing the child beyond a geographical area identified by the court." The court may also order the removal of an alleged perpetrator from the child's home and may issue orders to assist the Department in its investigation. The Code prohibits interference with an investigation, and a person who relocates a residence or conceals a child with the intent to interfere with an investigation commits an offense.
>
> While the district court must vacate the current temporary custody orders as directed by the court of appeals, it need not do so without granting other appropriate relief *to protect the children* . . . .

10

*In re Tex. Dep't of Fam. & Protective Servs.*, 255 S.W.3d at 615 (footnotes omitted) (emphasis added).

## IV. CONCLUSION

Having examined and fully considered the petition for writ of mandamus, the response filed by the Department conceding error, and the applicable law, the Court is of the opinion that A.S. has met her burden to obtain relief. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its April 10, 2023 "Temporary Order Following Adversary Hearing." Our writ will issue only if the trial court fails to promptly comply. Given our ruling herein, we dismiss as moot A.S.'s "Motion for Emergency Stay and Return of Child."

NORA L. LONGORIA
Justice

Delivered and filed on the
5th day of May, 2023.

11