

# NUMBER 13-23-00215-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE A.S.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Silva and Peña
### Memorandum Opinion by Justice Silva[1]

On May 19, 2023, relator A.S. filed a petition for writ of mandamus in this case.[2] A.S., who is mother to minor child, A.J.S.D., contends that the trial court abused its discretion by issuing an ex parte temporary restraining order preventing A.S. from

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 (requiring the appellate courts to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] We use pseudonyms to refer to relator, the children, and other family members. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.

obtaining custody of A.J.S.D. *See* TEX. FAM. CODE ANN. § 262.201(g). As discussed herein, we dismiss this petition for writ of mandamus as moot.

The essential facts of this case can be found in a memorandum opinion previously issued by this Court. *See In re A.S.*, No. 13-23-00156-CV, 2023 WL 3293299 (Tex. App.—Corpus Christi–Edinburg May 5, 2023, orig. proceeding) (mem. op.). In that case, we concluded that the trial court abused its discretion by refusing to return A.J.S.D. to A.S. after an adversary hearing because the trial court failed to make the findings required by the family code. *Id.* at *1–5; *see* TEX. FAM. CODE ANN. § 262.201(g); *In re Hughes*, 446 S.W.3d 859, 861 (Tex. App.—Texarkana 2014, orig. proceeding); *In re Pate*, 407 S.W.3d 416, 419 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). Thus, on May 5, 2023, we conditionally granted A.S.'s petition for writ of mandamus and directed the respondent, the Honorable Jack Marr, to vacate the April 10, 2023 "Temporary Order Following Adversary Hearing." *In re A.S.*, 2023 WL 3293299, at *5.

However, on May 5, 2023, the attorney ad litem for A.J.S.D. sought and obtained an ex parte temporary restraining order from a different judge, the Honorable Kemper S. Williams. This order prevented A.S. and the Texas Department of Family and Protective Services (Department) from removing A.J.S.D. from his current placement, interfering with that placement, or taking any action to change it. Subsequently, on May 11, 2023, Judge Marr, acting pursuant to this Court's directive, vacated the April 10, 2023 "Temporary Order Following Adversary Hearing." However, A.J.S.D. was not returned to A.S.'s custody because of the ex parte temporary restraining order signed by Judge Williams. On May 18, 2023, Judge Williams extended the ex parte temporary restraining order and set a hearing in the case to be held on May 25, 2023.

2

The Department has now furnished this Court with a May 25, 2023 "Temporary Injunction" signed by Judge Williams. This temporary injunction prohibits A.S. and the Department from: (1) removing A.J.S.D. from his current placement, or any hospital, hospice, or medical facility in which he has been admitted; (2) taking any action to interfere with the placement of A.J.S.D.; or (3) taking any action to change the placement of A.J.S.D. without the approval of the court. The Department has also furnished this Court with a Rule 11 Agreement entered by the Department and A.S., which, *inter alia*, provides A.S. with therapy and counseling, virtual visits with A.J.S.D., and a telephone with pre-paid texting and calling which A.S. can use to communicate any concerns regarding A.J.S.D.'s care. *See* TEX. R. CIV. P. 11. Under the agreement, the Department will withdraw its "Motion to Suspend [V]isitation," and will provide transportation to A.S. for proposed in-person visits with A.J.S.D.

Based upon the foregoing, we conclude that this original proceeding is moot. The temporary restraining order is no longer in effect and the parties appear to have reached agreements regarding some of the salient matters at issue. In so ruling, we note that "[t]rial courts have considerable discretion in making temporary orders for a child's safety and welfare in suits affecting the parent-child relationship." *In re Scheller*, 325 S.W.3d 640, 642 (Tex. 2010) (orig. proceeding) (per curiam) (citing TEX. FAM. CODE ANN. § 105.001). However, a trial court cannot "infringe on the fundamental right of parents to make child rearing decisions simply because [it] believes a better decision could be made." *Troxel v. Granville*, 530 U.S. 57, 72–73 (2000) (plurality op.) (internal quotations omitted). We understand that the circumstances of this case are devastating, and we trust that going forward, all parties will work together within the statutory framework established

3

by the Legislature to ensure that A.J.S.D. and A.S. are afforded the rights and protections to which they are entitled under the law.

The Court, having examined and fully considered the petition for writ of mandamus, the responses filed by the Department, W.D., and M.J., and subsequent events, is of the opinion that this original proceeding is moot. Accordingly, we dismiss the petition for writ of mandamus as moot. Our disposition does not extend to the merits and is without prejudice to further review, if any. We likewise dismiss as moot: (1) the "Motion for Emergency Stay, Immediate Return of Child, and Expedited Consideration," filed by relator, and (2) the "Amended Motion to Dismiss Petition for Writ of Mandamus," filed by the attorney ad litem.

CLARISSA SILVA
Justice

Delivered and filed on the
26th day of May, 2023.